## MACEY WILLIAMS v. CITY OF GALVESTON.

Decided December 2, 1905.

**City Charter—Exemption of City From Liability for Personal Injuries.**

Plaintiff sued the city of Galveston to recover damages for the loss of a leg caused by a defective bridge over a gutter in said city. The charter of the city contained a provision exempting the city from all liability for injuries caused as alleged by plaintiff. Held, a demurrer to the petition was properly sustained.

Appeal from the District Court of Galveston County. Tried below before Hon. Robert G. Street.

*G. E. Mann,* for appellant.—"The court erred in sustaining the exception of defendant to plaintiff's right of action; said exception being on the ground that the present charter of the city of Galveston provides that the city of Galveston 'shall not be liable for any injuries to persons or to property caused by the filling, raising, grading or elevating any property within the city, or on account of any defect of any street, sidewalk or other public place.'"

This was error, because the Legislature can not release the city of its common law liability to plaintiff for damages sustained by a defective crossing over a drain and from street to sidewalk, the said charter having given the city control of said crossing. The city is as much liable as any business corporation would be for its negligence in the premises, and plaintiff can not be deprived of her property, the use of her leg, without due process of law, but simply by the Legislature undertaking to except the city from common law liability. Constitution of Texas, art. 1, secs. 19, 13; Constitution of U. S., Fourteenth Amendment, sec. 1; City of Galveston v. Posnainsky, 62 Texas, 131; Bates v. City of Houston, 14 Texas Civ. App., 287; Eustis v. City of Henrietta, 90 Texas, 473; Whitener v. Belknap, 89 Texas, 279; Lytle v. Halff Bros., 75 Texas, 132; Armstrong v. Traylor, 87 Texas, 601; Union Cent. Ins. Co. v. Chaonning, 86 Texas, 659; Hearn v. Camp, 18 Texas, 549; Scott v. Mather, 14 Texas, 239; Cleveland v. King, 132 U. S., 295; Weightmann v. City of Washington, 1 Black, 52; Cooley's Const. Lim., pp. 34, 35.

*M. E. Kleberg,* for appellee.—The provision in the charter of the city of Galveston exempting it from liability for personal injuries due to any defective streets, sidewalks or other public places in said city is constitutional and valid. Section 47, Amended Charter City of Galveston, app. March 30, 1903; Special Laws of 1903, 262; City of Houston v. Isaacks, 68 Texas, 118; City of Wilmington v. Ewing (Sup. Court of

Delaware), 45 L. R. A., 79; 20 Am. & Eng. Encyc. of Law (2d ed.), p. 1192.

PLEASANTS, ASSOCIATE JUSTICE.—This is a suit by appellant against the appellee to recover damages for the loss of a leg alleged to have been caused by a defective bridge over a gutter or drain along one of the streets of the city of Galveston which the petition alleges was negligently constructed and maintained by the defendant city.

The trial court sustained a general demurrer to the petition upon the ground that under its charter appellee was not liable for any damage for injuries to persons or property caused by any defect of any street, sidewalk or other public place.

It is conceded by the appellant that the charter of the city of Galveston contains a provision exempting the city from all liability for injuries caused as alleged in the petition by the negligent construction or maintenance of streets, sidewalks or other public places in said city, but it is earnestly contended that this provision of the city charter is unconstitutional and void in that it is an attempt to deny the citizens that protection to person and property guaranteed by sections 13 and 19, of article 1, of the State Constitution.

The question presented is not free from difficulty, but we have reached the conclusion that the Legislature did not violate the constitution in the passage of the act exempting the city from liability in cases of this kind. While it is settled by the decisions of our Supreme Court that a municipal corporation, voluntarily organized under the general laws or special act of the Legislature, is liable at common law for damage caused by its negligence in failing to keep its streets in repair without any express provision in the charter imposing such liability, it has never been held that the Legislature was without authority to exempt municipal corporations from such liability. (City of Galveston v. Posnainsky, 62 Texas, 131.)

The guarantee in section 13 of the bill of rights that "All courts shall be open, and every person for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law," does not prohibit the Legislature from granting to local governmental agencies the exemption enjoyed by the State in the prosecution of public works, and this is all that is done by the act in question. The counties in the State are held exempt from liability for the negligent construction or maintenance of public highways, and the act in question does no more than place the city of Galveston upon a plane with the counties.

It can not be said that such exemption is a taking of property without due process of law. The citizen has no property right in a rule of law, and while rights may accrue to him under the operation of a legal rule which become vested and can not be taken from him by the change of the rule, he can not be heard to complain if, before such property rights become vested, the rule is so changed that no rights can accrue thereunder. As an illustration of this principle it is sufficient to recall the rule as to changes in the law of limitation. After a right or title has once become vested by limitation neither a change in the law fixing the period of time necessary to complete the bar, nor the repeal of the law, in any way affects the rights thus vested. But if the

law is repealed, or the period of time lengthened before the bar becomes complete, the change in the rule does not invade any property right. And so in this case, if appellee had been liable for appellant's injuries at the time they were occasioned her right to recover damages therefor could not be destroyed by an act of the Legislature exempting appellee from such liability. The right. and power of the Legislature to prescribe rules restricting or exempting municipal corporations, created by it for local governmental purposes, from liability for damages caused in the performance of the public duties imposed upon them is only restricted by the constitutional provision requiring compensation for property taken, damaged or destroyed for public use.

There being no express provision of the constitution prohibiting the Legislature from enacting the law in question, and such prohibition not being a necessary implication from any express constitutional provision, we are of opinion that the judgment of the court below should be affirmed, and it has been so ordered.

*Affirmed.*

Writ of error refused.