### TUTOR et al. v. CITY OF AMARILLO.*
(No. 2013.)

(Court of Civil Appeals of Texas. Amarillo.
Oct 11, 1922. Rehearing Denied
Nov. 8, 1922.)

1. **Municipal corporations** ⊂⟹742(1)—**Petition held to plead negligence of city in operating railroad instead of in maintenance of streets.**

In an action against a city, operating a street railway, allegations that plaintiff, in approaching a street car for the purpose of taking passage thereon, stepped into a hole near the track, which had been covered by a loose iron culvert covering, that one of the cars operated by the city had caught such covering and moved it from its proper position, that the uncovering of the hole was due to the negligence of the railroad in the construction of the culvert and the street car tracks, and in the operation of the car so as to catch and remove the covering, and that the city, in the operation of its street cars, was a common carrier and had full knowledge of the dangerous character and position of the hole, but negligently failed to guard or protect the public, *held* to plead a cause of action against the city for negligence in the operation of street railroad and not negligence in the maintenance of the streets.

2. **Municipal corporations** ⊂⟹122(1)—**Judicial notice not taken of ordinance not pleaded.**

The court cannot take judicial notice of an ordinance which has not been pleaded.

Appeal from District Court, Potter County; W. R. Ewing, Judge.

Suit by Ollie May Tutor and husband against the City of Amarillo. General demurrer to petition sustained, and plaintiffs appeal. Reversed and remanded.

P. F. Sapp and A. M. Mood, both of Amarillo, for appellants.

C. E. Gustavus, of Amarillo, for appellee.

BOYCE, J. Ollie May Tutor, joined by her husband, brought this suit against the city of Amarillo, to recover damages for person-

al injuries sustained by her. The trial court sustained a general demurrer to plaintiff's petition, and she appeals.

Plaintiff alleged that the city had, at the time of the injury, the exclusive control over the streets at a certain point therein at the intersection of Third and Polk streets; that at such time it was engaged in the operation for hire of a street car line in the city, which was constructed and operated on said streets just mentioned; that the plaintiff, at about 9 o'clock p. m. approached one of said street cars at the intersection of Third and Polk streets, for the purpose of taking passage thereon; that in so doing she stepped into a hole near the track and was injured; that the corner of Third and Polk streets, where the accident occurred, was one of the usual and customary places for passengers to board and alight from said street cars; that at this particular place there was a drain or sewer, which had been covered by a loose iron culvert covering; that one of the cars of defendant had caught this covering and moved it from its proper position, leaving a large hole, which abutted the rail of the street car track; that the uncovering of the hole was due to the negligence of the railway company in the construction of the culvert and the street car tracks and the operation of the car so as to catch and remove the covering. We quote the following résumé of the charges of negligence, contained in plaintiff's petition:

"That the negligence and carelessness of defendant, its agents, officers, and servants hereinbefore mentioned, was the direct and proximate cause of plaintiff's fall and her consequent injuries in this: The said hole was opened by the direct act of said defendant, in the operation of its street cars and in the carrying out of its business as a common carrier for profit, and said defendant had full knowledge and notice of said hole and its dangerous character and position in time to guard and protect the public, defendant's passengers and this plaintiff, from the danger thereof, but negligently failed to guard or protect the public, defendant's passengers, and this plaintiff therefrom, by any means or device suitable thereto, at said crossing and stopping place of said street cars for the purpose of passengers embarking upon and alighting from said cars so operated by said defendant; that defendant was further negligent in failing to keep the said street at the crossing of Polk street open and free from the dangerous hole into which plaintiff fell; that defendant was negligent in failing to provide a street light in, about, or near said hole or said street crossing; that defendant was negligent in constructing and maintaining its tracks and in operating its cars in such manner that it caused said hole to be made in said street in the manner heretofore described; that defendant was negligent in failing to provide a safe place for its passengers to board and alight from its street cars."

In its answer the city pleaded that the inhabitants of the city, long prior to the time of this occurrence, adopted a city charter, which contained the following provision:

"Said city shall have the power to provide for the exemption of said city from liability on account of any claim for damages to any person or property, or to fix such rules and regulations governing the city's liability, as may be deemed advisable."

It further pleaded that in pursuance thereto the defendant, prior to this occurrence, had duly adopted an ordinance, "exempting the city from any and all liability for any injuries to persons or property." The trial court quotes the following ordinance of the city as the basis of his action in sustaining the demurrer to plaintiff's petition, and furnishing defendant exemption from liability in this case:

"That hereafter the city of Amarillo shall be and is hereby declared exempt from any and all liability and damages for any injury or injuries to persons or property caused by or arising from the filling, raising, grading, elevating or improving any property within this city, or caused by or arising from the prosecution of any public improvement, or caused by or arising from the construction, maintenance or operation of any public utility plant or system, or caused by or arising from the maintenance, operation or extension of its sewerage system, or caused by or arising from any obstruction, excavation or any other character of defect whatsoever in any street, alley, sidewalk or other public place in this city, and from any and all liability of any other character of injury to persons or property, howsoever same is caused or produced."

[1] We have already, in the case of Ida M. Green v. City of Amarillo, 244 S. W. 241, held that the above-quoted ordinance is not effective to afford the city exemption from liability for damages for which it would otherwise be liable in the operation of a street car business. We think the opinion in that case is sufficient to dispose of this appeal. The appellee suggests that the foundation of the cause of action as stated in the petition is negligence in the maintenance of the streets of the city, and that the case should be ruled by the decision in Williams v. City of Galveston, 41 Tex. Civ. App. 63, 90 S. W. 505. We do not so understand the petition. The injury, according to its allegations, was caused by and incident to the construction and operation of the street railway, and was sustained by one in the act of becoming a passenger on such railway. To such passenger the city owed a duty in addition to, and distinct from, its general duty to the public in the maintenance of its streets. The petition makes out a case of negligence in the failure to discharge this duty incurred in its operation of its railway system. We do not wish to be understood as holding that the ordinance would afford exemption, if the foundation of the action was solely negligence on the part of the city in the mainte-

nance of its ·streets. There is this difference between ·such a case and that of Williams v. City of Galveston, supra, in that the exemption in this case would be by reason of the provisions of an ordinance passed by the city council, while the exemption in the case of Williams v. City of Galveston was provided by the terms of the city charter itself. Furthermore, many of the provisions of this ordinance would be unquestionably invalid, and there might be some question as to whether such invalidity might not affect the ordinance in its entirety. We express no opinion as to the question suggested, but merely make the suggestion in order that our holding may not be misunderstood.

[2] We know of no authority which warranted the trial court in taking judicial cognizance of an ordinance not pleaded by the plaintiff and in sustaining a general demurrer to the petition on a pleading of the ordinance by the defendant. See City of Austin v. Walton, 68 Tex. 507, 5 S. W. 70; Woodruff v. De Shazo (Tex. Civ. App.) 181 S. W. 250. In the interest of a speedy disposition of the cases, we have, however, disposed of them without reference to the question of the proper practice in regard to the action on demurrers.

Reversed and remanded.