## CITY OF AMARILLO v. GREEN et al.
(No. 472–3905.)

(Commission of Appeals of Texas, Section B. Dec. 20, 1924.)

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by Ida M. Green and another against the City of Amarillo. Judgment sustaining a general exception to plaintiff's petition was reversed by the Court of Civil Appeals (244 S. W. 241), and defendant brings error. Affirmed.

C. E. Gustavus, of Amarillo, for plaintiff in error.

Stone, Miller & Guleke, of Amarillo, for defendants in error.

POWELL, P. J. The nature and result of this case have been admirably and concisely stated by the Court of Civil Appeals, as follows:

"Ida M. Green, joined by her husband, brought this suit against the city of Amarillo, to recover damages for personal injuries sustained by her in a collision with a street car operated by the city. The trial court sustained a general exception to plaintiff's petition.

"The petition alleges that the city operated the street railway under the provisions of its charter, and without question sufficiently alleges negligence on the part of the operatives of the street car, and that plaintiff sustained damages as a result thereof. The exception was sustained on the ground that, under the provisions of its charter and ordinances, the city was exempt from liability for damages caused by the negligence of its employees in the operation of the street railway.

"It appears that the city of Amarillo adopted its charter under the authority of article 11, § 5, of the state Constitution, and articles 1096a to 1096i, Vernon's Sayles' Civil Statutes. Article 11, § 5, of the Constitution grants authority to cities having more than 5,000 inhabitants to adopt and amend their charters, 'subject to such limitations as may be prescribed by the Legislature, and providing that no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the state, or of the general laws enacted by the Legislature of this state.' Article 1096d, Vernon's Sayles' Civil Statutes, conferred upon any city accepting a charter under such law the power to own and operate 'within or without the city limits, * * * a system * * * of * * * street railways,' etc., and, in another paragraph of the same article, 'to provide for the exemption from liability on account of any claim for damages to any person or property, or to fix such rules and regulations governing the city's liability as may be deemed advisable.' Section 8 of the city charter reads as follows: 'Said city shall have the power to provide for the exemption of said city from liability on account of any claim for damages to any person or property, or to fix such rules and regulations governing the city's liability as may be deemed advisable.' The following ordinance of the city is quoted in the judgment of the court as furnishing exemption from liability in this suit: 'Hereafter the city of Amarillo shall be and is hereby declared exempt from any and all liability and damages for injury or injuries to persons or property caused by or arising from the filling, raising, grading, elevating or improving any property within the city, or caused by or arising from the construction, maintenance, or operation of any public utility plant or system, or caused by or arising from the maintenance, operation, or extention of its sewerage system, or caused by or arising from any obstruction, unevenness, depression, excavation of any public place in this city, and from any and all liability of any other character of injury to persons or property howsoever the same is caused or produced.'

"The modern city performs functions of a dual nature. Primarily it is a governmental agency, clothed with limited powers of sovereignty, exercised for 'purposes essentially public, purposes pertaining to the administration of general laws made to enforce the general policy of the state.' The city may be granted the same immunity against claim for damages for its acts done in its governmental capacity as is enjoyed by the general government in such matters. Other acts of the city are done in the exercise of powers not strictly governmental, but 'voluntarily assumed and exercised for the private advantage and benefit of the locality and its inhabitants.' For its acts done in this latter capacity, the city, in the absence of some special exemption, is liable to the same extent as any private person or corporation performing the same acts. City of Galveston v. Posnainsky, 62 Tex. 118, 50 Am. Rep. 517; White v. City of San Antonio, 94 Tex. 313, 60 S. W. 426.

"The city, in the operation of a street railway system, was unquestionably acting in its private and corporate capacity, as distinguished from its acts of governmental character, and without the exemption claimed under its charter and ordinances would have been liable to the plaintiff for damages sustained as a result of the negligence of its employees in the operation of the car at the time of plaintiff's injury. Dillon on Municipal Corporations (5th Ed.) §§ 1303 and 1670; Henry v. City of Lincoln, 93 Neb. 331, 140 N. W. 665, 50 L. R. A. (N. S.) 174; Barron v. City of Detroit, 94 Mich. 601, 54 N. W. 273, 19 L. R. A. 452, 34 Am. St. Rep. 366. A decision of the case will depend, therefore, on the answer to either one of two general questions: (1) Whether the Legislature itself would have the power under the Constitution to enact legislation providing such special exemption to the city from liability for damages of this character. (2) Conceding that the Legislature has such authority, whether it may delegate the power to the city to provide for such exemption by its ordinances."

The Court of Civil Appeals briefly discussed the first question, but expressly pretermitted a decision thereof. But it answered the second question in the negative, and held the ordinance unlawful. Consequently, the judgment of the district court was reversed, and the cause remanded for trial. See 244 S. W. 241.

This is essentially a companion case to that of City of Amarillo v. Ollie May Tutor et al., 267 S. W. 697, decided contemporaneously by our court. In our opinion in that case, written by Judge Hamilton, the exemption was declared unconstitutional for several reasons. It is not necessary to here allude further to those reasons.

Therefore, without enlarging upon the reasons assigned by us in the Tutor Case, supra, for invalidating this ordinance, we here, for the same reasons, recommend that the judgment of the Court of Civil Appeals in the instant case be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.