## CAMERON COUNTY WATER IMPROVEMENT DIST. NO. 1 v. WHITTINGTON.
### (No. 7810.)

Court of Civil Appeals of Texas. San Antonio. June 29, 1927.

1. **Appeal and error** &⟶384(3)—**Appeal bond failing to set out name of one of judgment debtors held sufficient where giving number and style of case and trial court and identifying cause.**

An appeal bond given by one of two joint and several judgment debtors *held* sufficient though it failed to set out the name of the other joint and several judgment debtor, where it gave the number and style of the case and the court in which the case was tried and was sufficient to identify the cause.

2. **Appeal and error** &⟶767(1)—**Appellant's brief, filed 6 days before submission and presenting question of such importance that answering brief could not be prepared, will be stricken.**

Where appellant's brief was filed in the Court of Civil Appeals 6 days before the date of submission and presented a question of such importance that appellee could not have prepared a brief in answer to it if he had been notified at once of the filing, motion to strike the briefs from the record will be granted.

3. **Waters and water courses** &⟶228¾—**Water improvement district held liable for assault by watchman engaged in duties; employment being for benefit of district (Const. art. 16, § 59; Rev. St. 1925, art. 7731).**

Where a guard and watchman employed by a water improvement district, while engaged in the service of company, unlawfully assaulted and injured one he believed to be trespassing upon the property, *held*, that the water improvement district was liable for the tort, since in hiring the watchman the district was fulfilling no duty to the public, but acting for its own benefit; Const. art. 16, § 59, and Rev. St. 1925, art. 7731, being unavailable.

Appeal from District Court, Cameron County; A. M. Kent, Judge.

Suit by T. L. Whittington against the Cameron County Water Improvement District No. 1 and another. From a judgment in favor of plaintiff, the named defendant appeals, and plaintiff moves to strike the briefs from the record. Motion granted, and judgment affirmed.

Rentfro & Cole, of Brownsville, for appellant.

Carter & Stiernberg, of Harlingen, for appellee.

FLY, C. J. [1] This is a suit instituted by appellee against Cameron county water improvement district No. 1 and Frank Martin, to recover damages arising from an assault made by Martin, an employee of the water company, while engaged in the service of the company. The cause was submitted to a jury on special issues, and on the answers to the issues judgment was rendered that appellee recover of Cameron county water improvement district No. 1 "and Frank Martin, jointly and severally, the sum of $1,000, with interest thereon from this date at the rate of 6 per cent. per annum until paid." It is further recited:

"To which action of the court the defendants gave notice of appeal to the Court of Civil Appeals, sitting at San Antonio, Fourth Supreme judicial district of Texas."

Although it was a joint and several judgment against the company and Martin, and both gave notice of appeal, no appeal bond was filed by Martin. In the appeal bond given by appellant it is stated that:

"The said T. L. Whittington recovered judgment against Cameron county water improvement district No. 1, for the sum of one thousand and no/100 dollars," etc.

No mention is made of the fact that the judgment was also against Martin, and he is not included in the bond as one of the obligees. There is some conflict of authorities in Texas as to whether an appeal bond will be sufficient which does not set out all the parties to the judgment. However, in this case, the number and style of the case and the court in which it was tried is given, and while the name of Martin is not disclosed as a party in any manner, the cause may be identified from the bond.

[2] This case was filed in this court on April 26, 1927, and was set down for submission on June 8, 1927. Appellant was duly notified of such submission. A brief was filed in this court on June 2, 1927, 6 days before the date of submission, and it presented a question of such importance that appellee could not have prepared a brief in answer to it, if he had been notified at once of the filing. The motion to strike the briefs from the record will be granted.

[3] We find, however, that a fundamental question is presented by the record which we must consider in the absence of any brief in the case. That question is as to the liability of a quasi public corporation, of the character of the water improvement company, for the torts of its employees. The point in issue has been clearly and fully discussed by Associate Justice Edward W. Smith in the case of John Holderbaum v. Hidalgo County Water Improvement District No. 2 (Tex. Civ. App.) 297 S. W. 865, not yet (officially) published, and we reiterate that the water improvement district "cannot escape liability for the negligent acts of its officials and agents" in the exercise of the duties for which they were employed. In this case Martin, an employee of appellant, was acting as a guard or watchman of the property of appellant and while in the discharge of his duties attacked and

injured appellee, who, he thought, was trespassing upon appellant's property. The corporation in hiring the watchman was not performing any duty to the public, but it was for the purpose of espionage of the public and the protection of the corporate property. It has been held by the Supreme Court of Texas, in White v. City of San Antonio, 94 Tex. 313, 60 S. W. 426, speaking of the powers, duties, and liabilities of cities:

"A municipal corporation proper—a city, for example—acts in a twofold capacity. Certain functions are conferred upon it in the interest of the public at large and certain others for the peculiar advantage of its own inhabitants. For the unlawful acts of its officers in performing functions of the former class, the corporation is held, as a rule, not to be responsible; but for their torts in discharging duties of a purely corporate character, the corporation is liable. Such is the line of distinction; but it seems to us that it is not always drawn with logical accuracy. The supply of water and of light, the construction and maintenance of sewers, and of wharves, at least where wharfage is charged by the municipality, are generally deemed to be for the peculiar advantage of the corporation, and cities are very generally, if not universally, held liable for injuries to the person or property of others resulting from the negligence or malfeasance of its officers with respect thereto."

That doctrine is reaffirmed in a strong opinion by Associate Justice Boyce of the Amarillo Court of Civil Appeals in Green v. City of Amarillo, 244 S. W. 241, in which it is held:

"The city may be granted the same immunity against claim for damages for its acts done in its governmental capacity as is enjoyed by the general government in such matters. Other acts of the city are done in the exercise of powers not strictly governmental, but 'voluntarily assumed and exercised for the private advantage and benefit of the locality and its inhabitants.' For its acts done in this latter capacity, the city, in the absence of some special exemption, is liable to the same extent as any private person or corporation performing the same acts."

A writ of error, for some reason not disclosed in the very brief opinion of the Commission of Appeals commending and affirming the decision of the Court of Civil Appeals, was granted by the Supreme Court. 267 S. W. 702. A writ of error was also granted in a companion case to the Green Case (Tutor v. Amarillo [Tex. Civ. App.] 244 S. W. 632), and also affirmed by Commission of Appeals (267 S. W. 697). In these two cases it was held that a city could not exempt itself from the torts of its officers or agents and was liable for damages arising from such torts, even though an ordinance of exemption from liability had been enacted by the city.

The declaration of the Constitution that irrigation and improvements connected therewith are "public rights and duties," and that water improvement districts "shall be governmental agencies and bodies politic and corporate with such powers of government and with the authority to exercise such rights, privileges and functions concerning the subject-matter of this amendment as may be conferred by law" (Const. art. 16, § 59; Rev. Stats. 1925, art. 7731), is not infringed or interfered with by holding that the district was liable for the torts of a watchman employed, not to advance some interest of the state, but to conserve the interest of the corporation alone (Dillon Mun. Corp. §§ 1634 to 1650).

The judgment is affirmed.