George ALLISON, Administrator of the Estate of George E. Brashear, Jr., Deceased, Appellant,

v.

Robert Gray BRASHEAR et al., Appellees.

No. 6534.

Court of Civil Appeals of Texas, El Paso.

Nov. 17, 1976.

Crawford, Crawford & Hughes, R. S. Crawford, Jr., Uvalde, for appellant.

White & White, David R. White, Jr., Uvalde, Villarreal & Cline, Joe Villarreal, Jr., San Antonio, Kessler, Nichols & Harris, W. A. Kessler, Jr., Uvalde, George D. Byfield, Austin, James F. Garner, El Paso, E. D. Kincaid, III, Uvalde, for appellees.

## OPINION

PRESLAR, Chief Justice.

This proceeding was an application to declare heirship and for partition and distribution of the Estate of George E. Brashear, Jr., who died intestate. The principal question involved is the interpretation of Section 38(a)(4), Tex.Prob.Code Ann., where both paternal grandparents are deceased. Also involved is the question of the standing of the Administrator of the Estate to question the trial Court's honoring an assignment of an heir's interest. We affirm the judgment of the trial Court.

We first consider a point of error raised by a number of Appellees. George E. Brashear, Jr., hereinafter called Intestate, died intestate survived only by descendants of his maternal grandparents and descendants of his paternal great-grandparents. The trial Court divided the Estate into two equal moieties, and of this there is no complaint; nor is there any complaint as to the division on the maternal side. The problem centers on the fact that the Intestate's paternal grandparents had no surviving descendants, so the Court divided their moiety of one half into two further moieties between the paternal and maternal great-grandparents' descendants. This, Appellees assign as error.

Section 38(a)(4) of the Probate Code provides:

"4. If there be none of the kindred aforesaid [i. e., no descendants, parents, brothers or sisters or their descendants], then the inheritance shall be divided into two moieties, one of which shall go the paternal and the other to the maternal kindred, in the following course: To the grandfather and grandmother in equal portions, but if only one of these be living, then the estate shall be divided into two equal parts, one of which shall go to such survivor, and the other shall go to the descendant or descendants of such deceased grandfather or grandmother. If there be no such descendants, then the whole estate shall be inherited by the surviving grandfather or grandmother. If there be no surviving grandfather or grandmother, then the whole of such estate shall go to their descendants, and so on without end, passing in like manner to the nearest lineal ancestors and their descendants."

There being no surviving grandfather or grandmother, our concern is with the interpretation of the last sentence above. Under that provision, should the trial Court have divided the grandparents' portion into two additional moieties, one to the descendants of the paternal great-grandparents, and the other to the descendants of the maternal great-grandparents? Or, as Appellees argue should the whole of such estate be inherited equally by their collateral heirs?

We are of the opinion that the trial Court correctly divided the paternal estate into two additional moieties at the great-grandparent level. This has not been decided by any Texas Court to date, but we construe this to be the intention of the Legislature. The Legislature has provided that in the

first instance, the inheritance should be divided into two moieties between the paternal and the maternal kindred. It is not for Courts to decide the reasons for the Legislature acting in a certain manner, but it would seem that whatever reasons existed for the division in the first instance would likewise exist where the question is again reached at the great-grandparent level. In a very early case, our Supreme Court determined that the reason for the statute was that it was the intention of the Legislature to destroy all discrimination or distinction between the relations on the father's side and those on the mother's side. The Court said:

> "Considering that the blood of the intestate flowed equally in the veins of the maternal as well as in the paternal kindred, and thereby a rightful heir might be as well traced through the one line as the other, and, as a rule of property, it would be as fixed and determinate as any other rule, and more consonant with the general American system of more universal diffusion of property, the legislature very wisely, as we think, established this rule as a law of descent and distribution in this state, which certainly puts it, as a law of property, more in harmony with our general system of laws." *Jones v. Barnett*, 30 Tex. 638 (1868).

One eminent authority agrees with the construction given the statute by the trial Court and this Court. Bailey, Texas Practice, Wills, Vol. 9, Sections 45 and 46, states:

> " * * * At the second stage, when it appears there are no surviving descendants of grandparents on one side, it is apparently necessary to subdivide the 'moiety' into two equal shares, one to go to the *decedent's father's paternal kindred*, the other to the *decedent's father's maternal kindred*."

Professor Bailey reasons that the language of the statute "and so on without end, passing in like manner to the nearest lineal ancestors and their descendants", would seem to require this result. The alternative, he says, would be to resort to computa-

tion of degrees of relationship and there is no warrant for such a procedure.

The procedure urged by Appellees is a resort to computation of degrees of relationship and is condemned by the Courts. In the early case of *McKinney v. Abbott*, 49 Tex. 371 (1878), the intestate was survived by descendants of grandparents on one side and great-grandparents on the other. The Court determined that the moieties of the inheritants should go to the paternal and maternal kindred respectively, although the kindred of one side might be more remote than those of the other. This was again decided eighty-eight years later in *Golden v. York*, 407 S.W.2d 293 (Tex.Civ.App.—San Antonio 1966) where under the same fact situation the Court said:

> "The trial court properly divided the estate into two equal moieties and gave one to the maternal kindred and one to the paternal kindred, even though they were a degree further removed from decedent than were the maternal kindred."

The Supreme Court of Texas expressly approved that holding. *Golden v. York*, 410 S.W.2d 181 (Tex.1966).

■ Some forty of the heirs assigned one third of their interest to Altshuler Genealogical Service, whom the record reflects did a lot of work in locating the widespread heirs. Altshuler appeared at the trial, although not a party thereto, and introduced these assignments into evidence, and the Court, by its judgment, ordered the Administrator to issue the checks to the forty heirs, jointly payable to each heir and Altshuler. The Administrator, as Appellant, presents two points of error contending that the Court was without authority to award anything to Altshuler because they were not a party to the suit; the second point complains of the procedure for distribution by the jointly payable checks. We overrule these two points of error on the basis that the Administrator is not the party affected by the Court's judgment in this regard and has no standing to assert error. The heirs were parties to the suit, and the Court had jurisdiction over them as well as the property. Only they could complain of

the Court's award of one third of the property to their assignee, and the procedure for payment to them by the joint checks. They have not complained. In fact, by their assignments they permitted the Court's action. Eight of them appeared in Court and testified in favor of the assignments; they have since made no complaint in the trial Court and have made no complaint in this Court, and the judgment as to that matter has become final. It is not then a void judgment as Appellant contends, but is a final and valid judgment which protects him in his capacity as Administrator in carrying it out.

Finding no reversible error, the judgment of the trial Court is affirmed.