Joseph R. YORFINO, Jr., Appellant,

v.

Donald O. FERGUSON, Appellee.

No. 6618.

Court of Civil Appeals of Texas, El Paso.

May 25, 1977.

---

1. The footnote contained in Justice Norvell's opinion has been omitted.

Jack M. McGinnis, Barry Snell, San Antonio, for appellant.

W. Michael Murray, San Antonio, for appellee.

## OPINION

OSBORN, Justice.

Under the Deceptive Trade Practices-Consumer Protection Act, the appellee recovered judgment against Joseph R. Yorfino, Jr., and Grady Haddox in connection with a work proposal submitted by Belco Contractors & Services. It was alleged that Yorfino and Haddox were partners in the Belco contracting firm, which performed work at Appellant's home. Based upon jury findings that Yorfino committed certain deceptive trade practices resulting in $1,500.00 damages, judgment was entered for three times that amount, plus attorney's fees as found by the jury. See Tex.Bus. & Comm.Code Ann. Sec. 17.50(b)(1). We affirm.

The Appellant did not file a motion for new trial. He presents two points of error contending that there is fundamental error because the judgment does not conform to the verdict, and because the judgment does not conform to the pleadings.

First, the damage issue, Special Issue No. 11, inquired as to the sum of money which would reasonably compensate Ferguson for his damages, "resulting from the deceptive trade practices of Joseph R. Yorfino, Jr. and Grady Haddox d/b/a Belco Contractors & Services, if any?" Appellant argues that since there was no finding of a partnership and no finding as to how much of the damages were caused by each Defendant, no joint and several judgment should be entered against each Defendant for the total damages found by the jury. Thus, he concludes that the judgment does not conform to the verdict, and that there is funda-

mental error under the holdings in *Press v. Davis,* 118 S.W.2d 982 (Tex.Civ.App.—Fort Worth 1938) aff'd in part and rev'd in part, *Quinn v. Press,* 135 Tex. 60, 140 S.W.2d 438 (1940); *City of San Antonio v. Haynes,* 5 S.W.2d 205 (Tex.Civ.App.—El Paso 1928, no writ); *Holmes v. Long,* 207 S.W. 201 (Tex.Civ.App.—El Paso 1918, no writ).

We cannot agree with this contention. First of all, the jury found that only Joseph R. Yorfino, Jr., committed any deceptive trade practice, thus, all of the damages had to result from Appellant's own conduct. Therefore, he is in no position to complain about a "joint and several judgment," although the non-appealing Defendant might have made such a complaint.

With regard to the question of partnership, we conclude that there is an implied finding, and based upon such implied finding, the "joint and several judgment" is correct. The Appellee pled that Joseph R. Yorfino, Jr., and Grady Haddox were partners. Testimony was offered to support that pleading. No issue having been requested, and there being no objection to the charge for failure to include such issue, the issue of partnership was tried by consent to the Court, and based upon the "joint and several judgment" against both Defendants, there is an implied finding by the Court that a partnership did exist. Rule 279, Tex.R.Civ.P.; *Barcheers v. Braswell,* 548 S.W.2d 76 (Tex.Civ.App.—El Paso 1977, no writ). Clearly, under our statutes, partners are jointly and severally liable for the obligations of the partnership. Tex.Rev.Civ.Stat.Ann. art. 6132b, Sec. 15. Appellant's Point of Error No. I is overruled.

Finally, the Appellant contends that because the judgment awarded attorney's fees to Appellee's counsel, rather than to the Appellee himself, there is fundamental error because there is no pleading to support such award directly to the lawyer who was not a party to the suit. Similar contentions have been presented to and rejected by the Courts of this State. See *A. J. Rife Construction Co. v. Brans,* 298 S.W.2d 254

(Tex.Civ.App.—Dallas 1956, writ ref'd n.r. e.); *Goldberg v. Goldberg,* 392 S.W.2d 168 (Tex.Civ.App.—Fort Worth 1965, no writ). We concur with those decisions and particularly the conclusion that Appellant is not in a position to complain about the award being to the attorney rather than the party to the suit. See *Allison v. Brashear,* 544 S.W.2d 492 (Tex.Civ.App.—El Paso 1976, no writ). The Appellant's Point of Error No. II is overruled.

The judgment of the trial Court is affirmed.