

# The Attorney General of Texas

October 28, 1977

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4814 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Gib Lewis, Chairman
House of Representatives
Committee on Intergovernmental
   Affairs
P. O. Box 2910
Austin, Texas   78769

Opinion No. H-1080

Re:   Validity of House
Bill 1278, codified as
article 966i, V.T.C.S.

Dear Chairman Lewis:

   You have requested our opinion regarding the validity
of House Bill 1278, Acts 1977, 65th Leg., ch. 828, at 2077,
codified as article 966i, V.T.C.S.   That statute provides,
in pertinent part:

> Section 1.   Any unincorporated area
> having a population, according to the
> last preceding federal census, of 8,000
> inhabitants or more, and located wholly
> within boundaries of a district created
> pursuant to Article XVI, Section 59, of
> the Texas Constitution, which district
> furnishes water and sewer services to
> householders, contains at least 10,000
> acres, and portions of which district are
> located within the corporate boundaries
> of two or more municipalities, may be
> incorporated as a city or town, with all
> of the powers, rights, immunities, and
> privileges mentioned and described in
> the provisions of this title relating to
> cities and towns, in the manner described
> in Article 966, Revised Civil Statutes of
> Texas, 1925, for incorporating cities and
> towns, provided, however, that the appli-
> cation to become incorporated shall be
> signed by at least 500 resident electors.
>
>      . . . .
>
> Sec. 4.   The provisions of this Act
> shall not take effect until January 1,
> 1978.   If, however, the unincorporated

area described in Section 1 of this Act
has been annexed by the principal city
of the county wherein the unincorporated
area lies or if annexation proceedings
have been initiated by the principal city
after January 1, 1977, then all provisions
of this Act shall be held void.

Sec. 5.   If any provision of this Act or
its application to any person or circumstance
is held to be invalid for any reason, the
invalidity does not affect any other pro-
vision or application of this Act which can
be given effect without the invalid pro-
vision or application, and to this end
the provisions of this Act are declared
to be severable.

We must first determine whether section 1 renders House Bill
1278 a local or special law, in contravention of article 3,
section 56 of the Texas Constitution.

House Bill 1278, by permitting the incorporation of an
area located within the extraterritorial jurisdiction of another
municipality, acts as an exception to the Municipal Annexation
Act, article 970a, V.T.C.S.  Section 1 authorizes any area to
incorporate, so long as it contains at least 8,000 residents and
is located wholly within the boundaries of a district created
under article 16, section 59 of the Texas Constitution.  The
district in which the unincorporated area is located must itself
meet certain requirements.  It must contain at least 10,000 acres,
furnish water and sewer services to householders, and portions
thereof must be located within the corporate limits of two or
more municipalities.

A statute will not be deemed a local or special law so
long as there is "a reasonable relationship between the classi-
fication and the objects sought to be accomplished by the
statute."  Smith v. Davis, 426 S.W.2d 827, 830 (Tex. 1968).  We
believe the application of the Act to unincorporated areas of
more than a certain population would be found to be a reason-
able one.  The qualifications imposed upon the district in which
the area is located present a more difficult question.  Although
House Bill 1278 fails to recite any reasons for its classifica-
tion, it is possible that the Legislature's intention, in
restricting the application of the statute to areas located
in certain kinds of districts, was to avoid the burden of double
taxation which might occur under article 1182c-1, V.T.C.S., if

part, but not all, of the district were annexed by another munic-
ipality.  Although we cannot say as a matter of law that a court
would be able to ascertain "a reasonable relationship between
the classification and the objects sought to be accomplished,"
neither can we be certain that there is no rationale which would
support that classification.  Since the constitutionality of a
statute must be sustained unless its invalidity is apparent
beyond a reasonable doubt, we cannot conclude that a court would
hold that House Bill 1278 is a local or special law on the basis
of the classification created by section 1 thereof.  State v.
City of Austin, 331 S.W.2d 737 (Tex. 1960).  See Attorney General
Opinions H-119, H-8 (1973); Letter Advisory Nos. 131, 130 (1977).
But see Rodriguez v. Gonzales, 227 S.W.2d 791, 793 (Tex. 1950).

     While section 1 may not render House Bill 1278 a local or
special law, a portion of section 4 is probably invalid.  Section
4 would permit "the principal city of the county wherein the un-
incorporated area lies" to void "all provisions" of the statute,
either by annexing the unincorporated area or initiating an
annexation.  We believe the second sentence of section 4 confers
upon a municipality the power to suspend an act of the Legislature,
in violation of article 1, section 28 of the Texas Constitution.

     It is now generally held that local option laws, in which
the Legislature makes a certain prohibition, but permits local
governments to exempt themselves from its operation, are not
unconstitutional.  Ex parte Mode, 180 S.W. 708, 722 (Tex. Crim.
App. 1915); Reynolds v. Dallas County, 203 S.W.2d 320, 324 (Tex.
Civ. App. -- Amarillo 1947, no writ); but cf., Spence v. Fenchler,
180 S.W. 597, 605-07 (Tex. 1915).  In such instances, the law
itself is valid, and "it remains the law whether a vote is ever
held under its provisions or not."  Ex parte Mode, supra, at 723.
But the Legislature is empowered to delegate to local governments
the authority to determine whether or not a general statute shall
become effective only "within their respective jurisdictions."
Reynolds v. Dallas County, supra, at 324.  The power of legisla-
tion which the Legislature may confer upon a municipality is
confined to matters of local self-government, and any authoriza-
tion extending to matters that are not of purely local concern is
constitutionally invalid.  Green v. City of Amarillo, 244 S.W. 241,
243, 244 (Tex. Civ. App. -- Amarillo 1922), aff'd, 267 S.W. 702
(Tex. Comm'n App. 1924, jdgmt adopted).

     The second sentence of section 4 authorizes any "principal
city" to abrogate "all provisions" of House Bill 1278 at any
date subsequent to January 1, 1977.  Thus, the governing body
of one municipality is granted unbridled and unlimited discre-
tion to suspend statewide an act of the Legislature.  In our

opinion, such a broad delegation of the legislative prerogative is proscribed by article 1, section 28 of the Texas Constitution.

Even if the second sentence of section 4 is void under article 1, section 28, however, it does not follow that the remainder of the statute is invalid. Section 5, the severability clause, specifically declares that the invalidity of "any provision" of the statute "does not affect any other provision . . . which can be given effect without the invalid provision." In our view, the effective date provision may be given effect without reference to the second sentence of section 4.

It has been suggested that all of section 4 constitutes one "provision," and that, if a part thereof is invalid, the entire section must fall. Apart from the obvious strain which such a construction would place on the usual meaning of the word "provision," we believe that it would also subvert the clear legislative intent. Section 4 indicates that the Legislature intended that the statute be effective either on January 1, 1978, or not at all. Although the Legislature may not constitutionally condition the effective date of this statute upon the act of a municipality, as noted above, it is not constitutionally prohibited from adopting a prospective effective date. In our opinion, the legislative intent can best be effected by holding that the effective date provision is severable from the remainder of section 4 and, as a result, must be given effect. Thus, we believe that House Bill 1278 will be effective on January 1, 1978.

Finally, you ask whether House Bill 1278 authorizes incorporation by two or more noncontiguous tracts of land. Although the Supreme Court has held that there is no constitutional barrier to the incorporation of noncontiguous areas, City of West Lake Hills v. State ex rel. City of Austin, 466 S.W.2d 722, 729 (Tex. 1971), any statute which purports to permit the incorporation of such area must specifically indicate the Legislature's intent to do so. See City of West Lake Hills v. State ex rel. City of Austin, supra, at 729-730; State ex rel. Wilke v. Stein, 26 S.W.2d 182 (Tex. Comm'n App. 1930, holding approved); Thompson v. City of West Lake Hills, 457 S.W.2d 398, 410, 411 (Tex. Civ. App. -- Austin 1970), rev'd on other grounds, 466 S.W.2d 722 (Tex. 1971). Accordingly, we do not believe that House Bill 1278 authorizes the incorporation of noncontiguous areas.

### S U M M A R Y

House Bill 1278, Acts 1977, 65th Leg., ch. 828, at 2077, codified as art. 966i,

V.T.C.S., is not unconstitutional as a
local or special law.  That portion of
section 4 which authorizes a "principal
city" to abrogate all provisions of the
statute is an invalid delegation of the
power to suspend an act of the Legislature,
but this provision is severable from the
remainder of the act.  House Bill 1278
will take effect on January 1, 1978.  The
statute does not authorize incorporations
by two or more noncontiguous tracts of
land.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst