Honorable Gib Lewis Chairman House of Representatives Committee on Intergovernmental Affairs P. O. Box 2910 Austin, Texas 78769
Re: Validity of House Bill 1278, codified as article 966i, V.T.C.S.
Dear Chairman Lewis:
You have requested our opinion regarding the validity of House Bill 1278, Acts 1977, 65th Leg., ch. 828, at 2077, codified as article 966i, V.T.C.S. That statute provides, in pertinent part:
 Section 1. Any unincorporated area having a population, according to the last preceding federal census, of 8,000 inhabitants or more, and located wholly within boundaries of a district created pursuant to Article XVI, Section 59, of the Texas Constitution, which district furnishes water and sewer services to householders, contains at least 10,000 acres, and portions of which district are located within the corporate boundaries of two or more municipalities, may be incorporated as a city or town, with all of the powers, rights, immunities, and privileges mentioned and described in the provisions of this title relating to cities and towns, in the manner described in Article 966, Revised Civil Statutes of Texas, 1925, for incorporating cities and towns, provided, however, that the application to become incorporated shall be signed by at least 500 resident electors.
. . . .
 Sec. 4. The provisions of this Act shall not take effect until January 1, 1978. If, however, the unincorporated area described in Section 1 of this Act has been annexed by the principal city of the county wherein the unincorporated area lies or if annexation proceedings have been initiated by the principal city after January 1, 1977, then all provisions of this Act shall be held void.
 Sec. 5. If any provision of this Act or its application to any person or circumstance is held to be invalid for any reason, the invalidity does not affect any other provision or application of this Act which can be given effect without the invalid provision or application, and to this end the provisions of this Act are declared to be severable.
We must first determine whether section 1 renders House Bill 1278 a local or special law, in contravention of article 3, section 56
of the Texas Constitution.
House Bill 1278, by permitting the incorporation of an area located within the extraterritorial jurisdiction of another municipality, acts as an exception to the Municipal Annexation Act, article 970a, V.T.C.S. Section 1 authorizes any area to incorporate, so long as it contains at least 8,000 residents and is located wholly within the boundaries of a district created under article 16, section 59 of the Texas Constitution. The district in which the unincorporated area is located must itself meet certain requirements. It must contain at least 10,000 acres, furnish water and sewer services to householders, and portions thereof must be located within the corporate limits of two or more municipalities.
A statute will not be deemed a local or special law so long as there is `a reasonable relationship between the classification and the objects sought to be accomplished by the statute.' Smith v. Davis, 426 S.W.2d 827, 830 (Tex. 1968). We believe the application of the Act to unincorporated areas of more than a certain population would be found to be a reasonable one. The qualifications imposed upon the district in which the area is located present a more difficult question. Although House Bill 1278 fails to recite any reasons for its classification, it is possible that the Legislature's intention, in restricting the application of the statute to areas located in certain kinds of districts, was to avoid the burden of double taxation which might occur under article 1182c-1, V.T.C.S., if part, but not all, of the district were annexed by another municipality. Although we cannot say as a matter of law that a court would be able to ascertain `a reasonable relationship between the classification and the objects sought to be accomplished,' neither can we be certain that there is no rationale which would support that classification. Since the constitutionality of a statute must be sustained unless its invalidity is apparent beyond a reasonable doubt, we cannot conclude that a court would hold that House Bill 1278 is a local or special law on the basis of the classification created by section 1 thereof. State v. City of Austin,331 S.W.2d 737 (Tex. 1960). See Attorney General Opinions H-119, H-8 (1973); Letter Advisory Nos. 131, 130 (1977). But see Rodriguez v. Gonzales, 227 S.W.2d 791, 793 (Tex. 1950).
While section 1 may not render House Bill 1278 a local or special law, a portion of section 4 is probably invalid. Section 4 would permit `the principal city of the county wherein the unincorporated area lies' to void `all provisions' of the statute, either by annexing the unincorporated area or initiating an annexation. We believe the second sentence of section 4 confers upon a municipality the power to suspend an act of the Legislature, in violation of article 1, section 28 of the Texas Constitution.
It is now generally held that local option laws, in which the Legislature makes a certain prohibition, but permits local governments to exempt themselves from its operation, are not unconstitutional. Ex parte Mode, 180 S.W. 708, 722 (Tex.Crim.App. 1915); Reynolds v. Dallas County, 203 S.W.2d 320, 324
(Tex.Civ.App.-Amerillo 1947, no writ); but cf., Spence v. Fenchler, 180 S.W. 597, 605-07 (Tex. 1915). In such instances, the law itself is valid, and `it remains the law whether a vote is ever held under its provisions or not.' Ex parte Mode, supra, at 723. But the Legislature is empowered to delegate to local governments the authority to determine whether or not a general statute shall become effective only `within their respective jurisdictions.' Reynolds v. Dallas County, supra, at 324. The power of legislation which the Legislature may confer upon a municipality is confined to matters of local self-government, and any authorization extending to matters that are not of purely local concern is constitutionally invalid. Green v. City of Amarillo, 244 S.W. 241, 243, 244 (Tex.Civ.App.-Amarillo 1922), aff'd, 267 S.W. 702 (Tex. Comm's App. 1924, jdgmt adopted).
The second sentence of section 4 authorizes any `principal city' to abrogate `all provisions' of House Bill 1278 at any date subsequent to January 1, 1977. Thus, the governing body of one municipality is granted unbridled and unlimited discretion to suspend statewide an act of the Legislature. In our opinion, such a broad delegation of the legislative prerogative is proscribed by article 1, section 28 of the Texas Constitution.
Even if the second sentence of section 4 is void under article 1, section 28, however, it does not follow that the remainder of the statute is invalid. Section 5, the severability clause, specifically declares that the invalidity of `any provision' of the statute `does not affect any other provision . . . which can be given effect without the invalid provision.' In our view, the effective date provision may be given effect without reference to the second sentence of section 4.
It has been suggested that all of section 4 constitutes one `provision,' and that, if a part thereof is invalid, the entire section must fall. Apart from the obvious strain which such a construction would place on the usual meaning of the word `provision,' we believe that it would also subvert the clear legislative intent. Section 4 indicates that the Legislature intended that the statute be effective either on January 1, 1978, or not at all. Although the Legislature may not constitutionally condition the effective date of this statute upon the act of a municipality, as noted above, it is not constitutionally prohibited from adopting a prospective effective date. In our opinion, the legislative intent can best be effected by holding that the effective date provision is severable from the remainder of section 4 and, as a result, must be given effect. Thus, we believe that House Bill 1278 will be effective on January 1, 1978.
Finally, you ask whether House Bill 1278 authorizes incorporation by two or more noncontiguous tracts of land. Although the Supreme Court has held that there is no constitutional barrier to the incorporation of noncontiguous areas, City of West Lake Hills v. State ex rel. City of Austin, 466 S.W.2d 722, 729 (Tex. 1971), any statute which purports to permit the incorporation of such area must specifically indicate the Legislature's intent to do so. See City of West Lake Hills v. State ex rel. City of Austin, supra, at 729-730; State ex rel. Wilke v. Stein, 26 S.W.2d 182
(Tex. Comm'n App. 1930, holding approved); Thompson v. City of West Lake Hills, 457 S.W.2d 398, 410, 411 (Tex.Civ.App.-Austin 1970), rev'd on other grounds, 466 S.W.2d 722 (Tex. 1971). Accordingly, we do not believe that House Bill 1278 authorizes the incorporation of noncontiguous areas.
 SUMMARY
House Bill 1278, Acts 1977, 65th Leg., ch. 828, at 2077, codified as art. 966i, V.T.C.S., is not unconstitutional as a local or special law. That portion of section 4 which authorizes a `principal city' to abrogate all provisions of the statute is an invalid delegation of the power to suspend an act of the Legislature, but this provision is severable from the remainder of the Act. House Bill 1278 will take effect on January 1, 1978. The statute does not authorize incorporations by two or more noncontiguous tracts of land.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee