## CITY OF HOUSTON v. LOUIS VATTER.

Decided April 23, 1903.

**1.—City Charter—Defect in Street—Notice to City.**

The provision in the legislative city charter of Houston that the city shall not be liable to any person for damages caused from streets, ways, crossings, bridges or sidewalks being out of repair from negligence of the city unless the same shall have so remained for ten days after special notice in writing to the mayor or street or bridge committee, is valid, and a bar to recovery where the required notice has not been given.

**2.—Same—Personal Injury—Damages Not Recoverable.**

Where the city's failure to construct a crossing in the most substantial manner only remotely contributed to the injury to plaintiff's wife in using the crossing, while the proximate cause was its failure to keep the same in repair, and the crossing had been out of repair for more than ten days prior to the injury, it was not liable in the absence of the notice prescribed by the charter.

Appeal from the District Court of Harris. Tried below before Hon. Chas. E. Ashe.

*T. H Stone,* for appellant.

*Fisher, Sears & Sherwood* and *Ross & Wood,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee brought this suit to recover damages for personal injuries to his wife, Mrs. E. Vatter, alleged to have been caused by the negligence of the appellant. The petition alleges that the injuries to plaintiff's wife were due to a defective foot-crossing constructd and maintained by the city of Houston over one of the streets of said city, the allegations of the petition upon which the right of recovery is based being as follows:

"That said foot-crossing was at the intersection of Baker and Willow streets, and that Baker Street was composed of light soil, very susceptible to being cut into ruts and holes by the action of rain, and by wagons and other vehicles passing over the same; that said soil was of a shifting nature, and that the nature of the soil was plainly apparent; that said foot-crossing extended along the side of (or parallel with) Willow Street; that said foot-crossing consisted of planks and cross pieces or sleepers on which said planks rested; that said crossing had a width of three planks, each plank about twelve inches wide and placed end on end, until a sufficient number of them were used; that said foot-crossing was constructed of poor and defective material; that said street and place was, at the time, and had long prior to the construction of the foot-crossing, been used for hauling very heavy loads, and subjected to a great deal of travel; and that notwithstanding the uses to which said point in question had been subjected, and its condition as to soil and wash, the defendant city had negligently placed said foot-crossing at the place in question, and negligently used in said construction faulty and defective material; that the soil between the foot-crossing and the curbing was very light; and such as would wash and rapidly cut and form a mudhole from the uses of said street, and that there were no means provided to carry off the water that collected there; that the space between the foot-crossing and the curbing of the street, as could have reasonably been expected from the manner of construction of the crossing, soon washed, and 'ditched out,' and formed a dangerous depression and mudhole, and extended to and under the said foot-crossing, and heavy loaded vehicles rolling from the said foot-crossing or from the curbing in the said depression, would, as could have been expected from the manner of construction of said crossing, grind and tear the said foot-crossing, and undermine the same, which condition would not have resulted or occurred had said crossing been properly constructed and of proper material; and that defendant had negligently failed to provide proper approaches to said foot-crossing, and negligently failed to provide said foot-crossing against the conditions hereinbefore specified, and all of which conditions were well known to the defendant city, and could have been avoided by filling the intervening space between said

crossing and curbing with some solid substantial material or by extending the said foot-crossing to the said curbing, and by the use of proper material. That said planks composing said crossing were liable at the time and could reasonably have been expected to become loose from their fastenings or to slip or slide from under the feet of any person walking upon same; that the placing of said foot-crossing on said loose soil so close to said curbing with only the strip of light soil intervening between the foot-crossing and the curbing, was in itself negligent construction, for heavily loaded wagons rolling off from this said crossing towards the said streets or coming off the said pavement down to the loose soil and on to the said foot-crossing would strike said foot-crossing with great force and violence and form a depression between the said foot-crossing and curbing, and tear up the said crossing and render same unstable and unsafe; and that a failure to provide the proper drainage of the water at said place in the construction of said foot-crossing was a negligent act. That the flow of said water, with the action of said vehicles, was calculated and could be expected to cause dangerous holes in said crossing, and to undermine the same, and cause same to decay; and which would not have been the case had said crossing been properly constructed, and out of proper material.

"That for several months prior to the day of the injury, owing to the said negligence of the defendant, said crossing was in a dangerous condition; that the planks upon the said crossing had become loose and the foundation of said crossing had been undermined and weakened; that said planks had splintered and warped, and were without sufficient foundations and fastenings to support the same. That on the 23d of May, 1900, while plaintiff's wife was using said foot-crossing, one of the planks to said crossing, owing to the conditions hereinbefore alleged, slipped and turned, and violently threw the plaintiff's wife, and caused her to fall, she receiving severe injuries from said fall."

Defendant specially excepted to this petition on the ground that it shows upon its face that plaintiff's claim was for damages caused by one of defendant's street crossings being out of repaid, and fails to allege that same had so remained out of repair for ten days after notice in writing of the condition of said crossing had been given the defendant, as provided by the city charter. This defense was also interposed by special plea. The answer also contained a general denial and plea of contributory negligence.

The record does not show that the exception to the petition was passed upon, or was ever called to the attention of the trial court. Upon the trial of the cause in the court below by a jury a verdict and judgment was rendered in favor of the plaintiff for the sum of $1250.

The record discloses the following facts: On the evening of May 23, 1900, while plaintiff's wife, Mrs. E. Vatter, was crossing Baker Street in the city of Houston, upon a plank walk or crossing constructed by said city some time previous to said date, one of the planks in said

crossing turned, and plaintiff's foot slipped into a hole under the crossing and was caught and held between two of the planks out of which the crossing was constructed, and she was thereby thrown violently upon the ground and received serious and permanent injuries. The evidence amply sustains the verdict of the jury as to the amount plaintiff has been damaged on account of the injuries to his wife. The crossing in question was constructed out of old lumber, and no drainage was provided by the city to carry off the surface water from Willow Street, which is interesected by Baker Street a few feet north of said crossing. As a result of the failure to provide said drainage, the water which accumulated upon Willow Street during every heavy rain had washed the earth from under said crossing and caused the hole which contributed to Mrs. Vatter's injury. The soil under the crossing was a loose sandy loam, easily susceptible of being carried away by the flow of surface water from Willow Street, and its character was known to appellant's street commissioner at the time he had the crossing constructed. The crossing did not reach the entire distance between the ends of the sidewalks on the opposite sides of Baker Street, and no connection by planks or other material was made between the ends of the crossing and said sidewalk. A great deal of heavy traffic passes along Baker Street and over said crossing, and this condition existed prior to and at the time the crossing was constructed. The passage of this traffic over said crossing had greatly worn the planks out of which it was constructed and caused the same to become loose from the sills or cross pieces of timber upon which they were placed and to which they were fastened by nails. The failure to connect or fasten the crossing to the sidewalks on the opposite sides of Baker Street rendered the crossing more liable to be injured and made unsafe by the traffic over same. Mrs. Vatter did not observe any defect in the crossing when she went upon it, and the hole thereunder was filled with mud and its existence thereby obscured. If the crossing had been constructed in the proper manner, it would have been connected with and fastened to the sidewalks, and an approach to same placed on the Willow Street side to protect it from injury by the heavily loaded vehicles which passed over same to and from said street, and drainage should also have been provided to prevent the washing out of the soil from under the crossing. The lumber used in the construction of the crossing was sound and suitable for said purpose. The undisputed evidence shows that, except in the particulars above mentioned, the crossing was constructed with due care and skill, and when first constructed was not dangerous or unsafe, its unsafe condition at the time of Mrs. Vatter's injury being due to wear and tear caused by the traffic over same and to the washing out of the soil under same by the surface water from the street. It is not shown how soon after its construction it became unsafe, but it was in such condition several months prior to the time Mrs. Vatter received her injuries. No notice in writing of the defective condition of the

crossing was ever given the appellant as prescribed by the city charter, but the street commissioner of said city knew of its defective and unsafe condition some time prior to the injury to Mrs. Vatter.

We do not think these facts are sufficient to entitle plaintiff to a recovery on the ground that the crossing was negligently constructed and that such negligence was the proximate cause of the injury to his wife. It· is true the crossing was not constructed in the most durable and substantial manner, but this fact only remotely contributed to Mrs. Vatter's injury, the proximate cause of said injury being the failure of the appellant to keep the crossing in repair. The case of City of Dallas v. Jones, 93 Texas, 46, relied on by appellee, does not sustain his contention that the faulty construction of the crossing can be regarded as a proximate cause of the injury to his wife. In that case two grounds of negligence were alleged, and recovery sought upon both. The first ground was the negligent construction by the city of Dallas of a sidewalk over and along an excavation, without any railing or safeguard of any kind to prevent persons using said crossing from falling into said excavation. The second ground of negligence alleged was the failure of the city to keep said sidewalk in repair, and in permitting the planks out of which same was constructed to become warped or loose, by reason of which plaintiff's wife, in going over said sidewalk, tripped and fell into said excavation. The facts in the case sustained both allegations, and the Supreme Court held that the construction of the sidewalk in the manner alleged in the petition was dangerous in itself, and the plaintiff was entitled to recover regardless of whether the warped and unsafe condition of the planks at the time of the injury was known to the defendant. The following quotation from the opinion in that case conclusively shows that the principle upon which recovery was allowed can not be invoked to sustain a recovery in the case before us:

"If the plank walk had been properly safeguarded, the accident would not have occurred as it did, although the plaintiff's wife may have tripped and fallen. If the jury found that the walk was negligently constructed, and that without fault on her part Mrs. Jones fell off and into the hole, it seems to us she was entitled to recover whether the planks were securely nailed or not. If the plank had become loose and the city was chargeable with notice of the fact and Mrs. Jones' fall was caused by the loose plank, it was but another act of negligence on the city's part contributing with the general faulty construction of the walk to her fall into the hole. But if the plank was securely fastened and Mrs. Jones, without fault on her part, in the dark, made a misstep and stumbled, a contingency likely to occur, and fell into the hole, we think it clear the city would have been liable. Nor do we think the case would have been different if the plank had become loose and caused Mrs. Jones to fall, and the city was without notice, actual or constructive, of the defect.

"The hole under the sidewalk and the dangerous construction that bridged it were the immediate cause of the injury, a cause without which

the specific injury would not have been inflicted. The following terse statement of the law by a distinguished jurist and text-writer is, we think, peculiarly applicable to the case: 'If the original act was wrongful, and would naturally, according to the ordinary course of events, prove injurious to some other person or persons, and does actually result in injury through the intervention of other causes which are not wrongful, the injury shall be referred to the wrongful cause, passing by those which were innocent.' Cooley on Torts, 2 ed., 76."

The undisputed evidence in the present case shows that the crossing in question was not dangerous in itself, and its construction was not a wrongful act, or one that would naturally, according to the ordinary course of events, prove injurious to some person. On the contrary, the facts show that said crossing was safe when constructed, and its dangerous condition was due entirely to intervening causes.

The charter of the city of Houston (Special Acts 1897, p. 79) contains the following provision: "That said corporation shall not be liable to any person for damages caused from streets, ways, crossings, bridges or sidewalks being out of repair from negligence of said corporation unless the same shall have so remained for ten days after special notice in writing to the mayor or street or bridge committee."

While this provision of said charter may appear to be unreasonable in its sweeping and stringent restriction of the liability of the city for injuries caused by its negligence, it is plain and unambiguous in its terms, and stands as an insuperable barrier against any recovery by the plaintiff in this case, since the undisputed evidence shows that the requisite notice of the defective condition of the crossing was not given, and the unsafe condition of the crossing was not due to any affirmative act on the part of the city. City of Houston v. Isaacks, 68 Texas, 116; City of Houston v. Still, 66 S. W. Rep., 76.

Upon the facts in evidence the appellant is not liable for the damages caused by the injuries to appellee's wife, and the judgment of the court below is therefore reversed and judgment here rendered in favor of appellant.

*Reversed and rendered.*

Writ of error refused.