LOUIS BONNEVILLE ET AL. v. OCTAVIA DUM ET AL.

Decided May 11, 1910.

**1.—Deed—Reformation.**

It is beyond the province of a court to make a deed for parties. The limit of its power in this regard is to make the deed speak the intention and purpose of the grantor, and this can be done only upon clear and satisfactory proof of such intention.

**2.—Same.**

Where, in an action to reform a deed so as to vest in the plaintiffs an interest in the land conveyed, there was no evidence of an intention on the part of the grantor to include the plaintiffs among the grantees named in the deed, the court properly instructed a verdict for defendants although there was some evidence that the grantees had procured the deed in their own favor by fraud.

**3.—Same—Cancellation—Decree Without Effect.**

The trial court properly refused to submit an issue of fraud in the procurement of a deed when it appeared from the undisputed evidence that the grantor in the deed had subsequently devised the same land to th same persons named as grantees in the deed, and that the will had been finally established and probated after a contest through all the courts. The courts will not do a vain thing.

Error from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*Sam. R. Perryman* and *John L. Meany,* for plaintiffs in error.

*V. B. Hudson* and *Doremus & Butler,* for defendants in error.

NEILL, ASSOCIATE JUSTICE.—Plaintiffs in error, Louis Bonneville, Eugene Bonneville and M. Bonneville, Jr., hereinafter called plaintiffs, brought this suit against defendants in error, J. Dum, Octavia Dum, O. P. Buchanan and Alice Buchanan and Blanche La-Marte, hereinafter called defendants, to reform a certain deed executed by their mother, Zelia Bonneville, conveying to her three daughters, defendants Octavia Dum, Alice Buchanan and Blanche LaMarte, certain real estate, according to the intent of the grantor, so that each of plaintiffs should take thereunder one-sixth of said property; or, in the alter-

native, for judgment canceling said instrument as void, leaving the property to pass by the law regulating the devolution of intestate estates.

The allegations upon which such relief was prayed for are substantially: That Zelia Bonneville, the mother of plaintiffs and of the three last named defendants, was on February 6, 1904, the date of the execution of said deed, seventy-three years old, of weak mind and body, unable to read the English language or understand an instrument written therein, and as to such an instrument was compelled to rely entirely upon what was told her as to its contents; that on said date the defendants, acting together for their joint and several advantage and mutual benefit, and to the detriment of plaintiffs, presented to their mother an instrument written in English, of the purport of which she knew nothing save what was told her by defendants, who, with intent to defraud plaintiffs and to deceive and mislead their mother, wilfully, falsely and fraudulently represented to her, that it was a conveyance of her property to her six children—that is, to plaintiffs and their three sisters;—that said deed was procured by such wilful, false and fraudulent misrepresentations, and that, had their mother known the import of such instrument, she would not have executed it.

The answer of the defendants, Octavia Dum, Alice Buchanan and Blanche LaMarte, included a general demurrer, a general denial, and the following special pleas: (1) That on August 6, 1905, M. Bonneville, Jr., one of plaintiffs herein, filed his petition in the District Court of Brazos County, making the defendants in this case and the plaintiff Eugene Bonneville parties to such action, in which he averred in substance that the deed of Zelia Bonneville, here in question, was obtained by fraud and undue influence, etc., and prayed for the same relief that is asked for in this suit; and that such suit was tried on September 13, 1905, and that the trial resulted in a verdict for the defendants. (2) That on April 4, 1905, subsequent to the execution of said deed, Zelia Bonneville executed her last will and testament by which she devised all her property to her daughters, Octavia Dum, Alice Buchanan and Blanche Hall (now Blanche LaMarte) and expressed her desire that the property descend to them as expressed in said deed, except that the homestead and furniture should go to her daughter, Blanche Hall; that after the death of the testatrix, her will was duly probated in the County Court of Brazos County, Texas; that M. Bonneville, Jr., in due form appealed from the order probating the will to the District Court of said county, and, that, on September 15, 1905, the contest was heard on its merits by said court, and it was ordered and decreed by said District Court, that the will be admitted to probate, which was done; that from said judgment an appeal was taken to the Court of Civil Appeals at Galveston, where said judgment was affirmed, and that on application to the Supreme Court for a writ of error to review the judgment of the Court of Appeals, the writ applied for was denied.

The case now before us was tried before a jury, whom, after the evidence on either side was introduced, the court instructed to return a verdict for the defendants. In obedience to the instruction

such a verdict was returned, and upon it the judgment now appealed from was rendered.

The first assignment of error complains of the court's instructing the verdict. There were some slight circumstances introduced in evidence, squinting somewhat towards the defendants' fraudulent procurement of the deed sought to be reformed and canceled; and it may be conceded that such evidence was sufficient to carry the case to the jury on that issue. But what good would it have done, in view of the undisputed evidence fully establishing both of defendants' special pleas, to have submitted such an issue? The court could not have so reformed the deed as to vest in plaintiffs, by virtue thereof, title to one-sixth interest each in the land conveyed thereby, as prayed for in their petition, for, though the deed may have been procured by the defendants from their mother by fraud, there is no evidence tending in the least, to show that it was her intention to include the names of plaintiffs therein as grantees of one-sixth interest each, in the land which it described. It is beyond the province of a court to make a deed for parties. The limit of its power in this regard does not extend beyond reforming a deed so as to make it speak the intention and purpose of the grantor, and this can only be done upon clear and satisfactory evidence of such intention. If the deed was fraudulently obtained by the defendants, a decree canceling and holding it for naught was the only relief that the plaintiffs could obtain. This would amount to nothing, in view of the fact that the grantor devised all the property described in the deed to the defendants by a will which has been duly probated after having been contested by one of the plaintiffs, the time having elapsed in which the other two could call in question its validity.

Hence there was no error in the court's instructing a judgment in favor of the defendants, and it is affirmed.

*Affirmed.*

Writ of error refused.