**LEE v. CITY OF DALLAS et al. (No. 118.)**

(Court of Civil Appeals of Texas. Waco. Dec. 31, 1924.)

**1. Constitutional law ⟳70(3) — Municipal corporations ⟳723½—Legislature may exempt city from liability for failure to keep streets in repair.**

Under common law, municipal corporations are liable for damages caused by their negligence in failing to keep streets in repair, but Legislature may exempt them from such liability, and wisdom thereof is no concern of the courts.

**2. Municipal corporations ⟳790 — Notice of defect and failure to use diligence to rectify must be alleged and proved.**

Under Dallas City Charter, art. 14, § 11, of which courts are required to take judicial notice (Charter, art. 14, § 28), one injured by defect in street must allege and prove that mayor or city engineer had personal knowledge of such defect at least 24 hours before injury occurred, or had their personal attention called thereto in writing, and that they failed to use proper diligence to rectify such defect.

**3. Municipal corporations ⟳800(1)—Not liable for injury not reasonably anticipated as result of stretching wire along street.**

That servants and employees of city had stretched wire along street in front of awning, thus preventing plaintiff from escaping when awning started to fall, gave no right of action unless injury should have reasonably been anticipated, and probably resulted from stretching such wire in front of awning.

---

⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Action by E. A. Lee, by next friend, T. H. Tackett, against the City of Dallas and others. From judgment of dismissal, plaintiff appeals. Affirmed.

R. T. Meador, Hugh Peck, and Wm. M. Cramer, all of Dallas, for appellant.

Jas. J. Collins, Allen Charlton, and Hugh S. Grady, all of Dallas, for appellees.

BARCUS, J. Appellant, E. A. Lee, a minor 11 years of age, by his next friend, T. H. Tackett, filed this suit against the city of Dallas for damages occasioned by an awning attached to property of private individuals in the city of Dallas falling on the sidewalk and injuring appellant. Appellant alleged that the awning was of faulty construction and that same had been condemned by the officers, agents, and employees of appellee, and that under the ordinances of the city of Dallas it was required to remove all obstructions from the sidewalks and streets, and that it was its duty to have removed or to remove all awnings which were dangerous or unsafe. Appellant did not in his petition allege that the defects in the street or awning which caused the injury were actually known to the mayor or city engineer of Dallas by a personal inspection for a period of 24 hours prior to the occurrence of the injury, nor did he allege that the defect therein had been called to the attention of said mayor or city engineer by notice thereof in writing at least 24 hours prior to the alleged injury, and that proper diligence was not used to rectify same after the defects, if any, were actually known or called to the attention of said mayor or city engineer; and appellant's petition did not allege what officer or officers and agents of the city of Dallas inspected said awning and condemned same, nor when same was done, nor the manner in which same was condemned, if condemned at all.

Appellee, the city of Dallas, leveled special exceptions against appellant's petition by reason of the above omissions and defects therein, which were sustained by the trial court. Appellant refused to amend his petition, and thereupon the trial court sustained appellee's general demurrer, and appellant refusing to amend, the cause was dismissed, and from said judgment this appeal is perfected.

The special charter granted to the city of Dallas requires all courts to take judicial notice thereof without same being pleaded or read in evidence. Section 28, art. 14, of the City Charter of Dallas. Section 11 of article 14 of the Charter of the City of Dallas provides:

"The city of Dallas shall never be liable on account of any damage or injury to person or property arising from or occasioned by any defect in any public street, highway or grounds or public work of the city; unless the specific defect causing the damage or injury shall have been actually known to the mayor or the city engineer by personal inspection for a period of at least twenty-four hours prior to the occurrence of the injury or damage, unless the attention of the mayor or city engineer shall have been called thereto by notice thereof in writing at least twenty-four hours prior to the occurrence of the injury or damage and proper diligence has not been used to rectify the defect after actually known or called to the attention of the mayor or city engineer as aforesaid."

[1, 2] Under the common law, municipal corporations are liable for damages caused by their negligence in failing to keep their streets in repair. The Legislature, however, has a right to exempt cities from liability, and the wisdom of such legislation is not a matter which should properly concern the courts. Under the above provision of the city charter, before a person who had been injured by reason of any defect in a public street, highway or grounds, or public work in the city of Dallas can recover damages, it is necessary for him to both allege and prove that the mayor or the city engineer had personal knowledge of the defect causing the injury for at least 24 hours before the injury occurred, or had in writing had their personal attention called thereto, and show that they had failed to use proper diligence to rectify same after having known of the defect or receiving the written notice. Williams v. City of Galveston, 41 Tex. Civ. App. 63, 90 S. W. 505 (writ denied); City of Dallas v. Shows (Tex. Com. App.) 212 S. W. 633; City of Houston v. Vatter, 32 Tex. Civ. App. 298, 74 S. W. 806; English v. City of Fort Worth (Tex. Civ. App.) 152 S. W. 179; City of Fort Worth v. Shero, 16 Tex. Civ. App. 487, 41 S. W. 704.

[3] Appellant alleged that appellee permitted a large crowd of people to congregate on the defective and faulty awning to watch a parade, and that the servants, agents, and employees of appellee had stretched a wire along the street in front of the awning, and that when the awning started to fall he was warned and could and would have escaped if it had not been for said wire. The trial court sustained the special exception of appellee to that portion of the petition which alleged that the servants, agents, and employees of the city had stretched a wire along the street in front of said awning, to which appellant assigns error. Unless it could be said that the stretching of the wire was the proximate cause of the injury, appellant could not recover by reason thereof. It was not claimed that the wire in any way caused the awning to fall or that there was any connection between the wire and awning. Appellant alleged that the injury was caused by the defective awning which fell and caught him under the débris. There is no

allegation or suggestion that appellee in stretching the wire along the street could have in any way anticipated that people would congregate on the awning and thereby cause it to fall and thereby entrap appellant, and that the wire would prevent his escaping. To hold appellee liable for stretching the wire it was necessary to allege and prove that the injury should have reasonably been anticipated and probably resulted from the city stretching the wire in front of the awning. We do not think the allegations with reference to the wire being stretched by the servants, agents, and employees of the city stated any cause of action against appellee. City of Dallas v. Maxwell (Tex. Com. App.) 248 S. W. 667, 27 A. L. R. 927; Houston Light & Power Co. v. Walsh (Tex. Civ. App.) 177 S. W. 1055; T. & P. R. Co. v. Bigham, 90 Tex. 223, 38 S. W. 162; Brush Electric Light & Power Co. v. Lefevre, 93 Tex. 604, 57 S. W. 640, 49 L. R. A. 771, 77 Am. St. Rep. 898. Under the allegations contained in appellant's petition he was not entitled to recover.

There is no error in the judgment of the trial court, and same is in all things affirmed.