### GRIFFITH et al. v. WATKINS et al.
### (No. 2579.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 13, 1926.)

**1. Appeal and error** ⟲=931(3)—**Every ground upon which judgment could be supported by evidence will be presumed to have been found by trial court, where no findings of fact and conclusions of law are filed.**

Where the trial court files no findings of fact and conclusions of law, and none are requested to be filed, every ground upon which the judgment may be supported by the evidence will be presumed to have been found by the trial court.

**2. Reformation of instruments** ⟲=19(1)—**Mistake must be mutual.**

The right to reformation exists when it clearly appears that a mutual mistake was

made, whereby the instrument does not express the will and intent of the parties to it; but a unilateral mistake is not ground for reformation.

**3. Reformation of instruments ⊕⇒45(1)—Evidence of mutual mistake must be clear and convincing.**

To authorize reformation, evidence must be clear and convincing that mutual mistake has been made.

**4. Husband and wife ⊕⇒201—Wife signing husband's contract for sale of land, or making such agreement herself, could repudiate it when it came to signing deed.**

Wife signing husband's contract for sale of land, or making such agreement herself, could repudiate it when it came to signing the deed.

**5. Reformation of instruments ⊕⇒45(5)—Evidence held not to show that wife had any knowledge of any sale of lots other than the one represented by the deed she executed.**

In suit to reform a deed, executed by defendant and her husband and conveying three lots, so as to make it convey four lots, which it was alleged was contemplated by the parties in the preliminary lost contract of sale made with defendant's husband, evidence *held* to show that defendant did not have any knowledge of any sale other than the one represented by the deed which she executed.

Appeal from District Court, Dallam County; Reese Tatum, Judge.

Suit by E. H. Griffith and others against L. B. Watkins and Lula E. Watkins. L. B. Watkins died, and suit was continued against defendant Lula E. Watkins. Judgment for defendant, and plaintiffs appeal. Affirmed.

Bailey & Richards, of Dalhart, for appellants.

R. E. Stalcup, of Dalhart, for appellee.

RANDOLPH, J. This suit was filed by appellants seeking the reformation of a deed, and the petition also contains allegations necessary to constitute it an action of trespass to try title. The original defendants were L. B. Watkins and his wife, Lula E. Watkins. L. B. Watkins died after the filing of the suit, and such suit was continued against the widow. On trial of the case judgment was rendered in favor of the surviving defendant, and from such judgment appeal has been duly taken to this court.

It appears from the pleading of plaintiffs, and from the evidence introduced by them, that Mrs. Watkins was the owner in her separate right of four lots numbered 4, 5, 6, and 7, in block 46 in the town of Dalhart; that the plaintiffs made a trade with the husband, L. B. Watkins, to purchase said four lots for the Jenkins Memorial Baptist Church; that a written contract was drawn and signed by L. B. Watkins. This contract was lost. Beyond the testimony of the witness Griffith

that such written contract, setting up the terms of sale, properly executed, was executed by Watkins, there is no evidence establishing the contents of the lost contract. A deed was thereafter signed and acknowledged by Watkins and wife conveying lots 4, 5, and 6 to appellants as trustees for said church, but lot No. 7 was not included in this deed. Appellants allege, and tender evidence to prove, that lot No. 7 was left out of the deed by mistake.

The only questions that we shall discuss are those involving the right of the plaintiffs to a reformation of the deed, as the solution of those questions are decisive of the case.

[1] The trial court filed no findings of fact and conclusions of law, and none were requested to be filed, and every ground upon which the judgment could be supported by the evidence will be presumed to have been found by the trial court.

Pretermitting any discussion of the admissibility of such testimony, the evidence introduced by plaintiffs shows that the trade, as made by the plaintiffs with L. B. Watkins, included lot No. 7, but they do not anywhere show that Mrs. Watkins knew the terms of such trade, or what property was to be included, and do not show that she ever intended to convey lot No. 7; the only intention she is shown to have had was to convey the property designated and described in the deed that she executed. On the contrary, she testified that she never knew that her husband had made any trade whereby lot No. 7 was to be included, and that she signed and executed the deed intending only to convey the lots described in the deed.

The appellants call attention to a circumstance tending to bear out their contention that lot No. 7 was intended to be conveyed—the circumstance of the whole of the lien debt on the four lots being assumed by them. This was only a circumstance that could be used with good reasoning either way, and is not entitled to much consideration in face of the positive testimony of Mrs. Watkins that she only intended to convey the lots described in the deed she executed. The court evidently, by his judgment, found against this contention.

[2] The right to reform a written instrument exists in favor of the parties to such instrument when it clearly appears that a *mutual* mistake has been made whereby the instrument does not express the will and intent of the parties to it; but a unilateral mistake is not ground for reformation. 34 Cyc. 915.

[3] To authorize a reformation of an instrument the evidence must be clear and convincing that a mutual mistake has been made. Waco Tap Ry. Co. v. Shirley, 45 Tex. 355, 376; Bonneville v. Dum, 61 Tex. Civ. App. 103, 128 S. W. 1179, 1181; Dalton v. Dalton (Tex. Civ. App.) 143 S. W. 241; Henson v. Pe-

(279 S.W.)

terson (Tex. Civ. App.) 218 S. W. 126, 127; National Union Fire Ins. Co. v. Patrick (Tex. Civ. App.) 198 S. W. 1050, 1054.

[4, 5] Plaintiffs' contention that, L. B. Watkins, the husband, having agreed and contracted with them to sell them the four lots, and, having intended that lot No. 7 should be included in the deed, his agreement and intention is binding upon the wife, cannot be sustained. The contract alleged to have been made by the husband had no binding effect on the wife's property rights. Even if she had signed the contract or made the agreement herself, she could have repudiated it when it came to the signing of the deed. But in this instance she is not shown to have had any knowledge of any sale other than the one represented by the deed that she executed. Collett v. Harris (Tex. Civ. App.) 229. S. W. 885; Red River Bank v. Ferguson, 109 Tex. 287, 206 S. W. 923; Pullman Co. v. Cox (Tex. Civ. App.) 220 S. W. 599; Texarkana Telephone Co. v. Burge (Tex. Civ App.) 192 S. W. 807.

We therefore affirm the judgment of the trial court.