HANKS et ux. v. CITY OF PORT ARTHUR. (No. 1699.)

Court of Civil Appeals of Texas. Beaumont. July 5, 1928.

Rehearing Denied July 11, 1928.

1. **Municipal corporations** ⟜745½—**City is not responsible for unlawful acts of its officers in performing functions imposed upon it in interest of public at large.**

City is not responsible for unlawful acts of its officers in performing functions imposed upon it in interest of public at large.

2. **Municipal corporations** ⟜745½—**City is responsible for unlawful acts of its officers performed for peculiar advantage of its own inhabitants.**

City is responsible for unlawful acts of its officers performing functions for peculiar advantage of its own inhabitants; duties being of purely corporate character.

3. **Municipal corporations** ⟜747(2)—**City is responsible for negligence of its officers in opening and maintaining streets and sidewalks.**

City is responsible for negligence of its officers in opening and maintaining its streets and sidewalks.

4. **Statutes** ⟜76(2)—**Provision in charter, granted by special act, that notice of defect in street was necessary to bring action for injuries arising therefrom, held not inconsistent with general laws (Port Arthur City Charter, art. 6, § 8; Rev. St. 1925, art. 1; Const. art. 3, § 56).**

Charter granted city of Port Arthur by Legislature in 1911, article 6, § 8, providing that city shall not be liable on account of damages or injury to person or property occasioned by defect in street unless defect shall be known to commissioner from personal inspection for at least 24 hours or one of commissioners shall have attention called thereto by notice in writing at least 24 hours prior to injury, while local and special law, *held* not void because of alleged conflict with Rev. St. 1925, art. 1, providing common law of England not inconsistent with Constitution and laws of state shall be rule of decision and continue in force, whether "general law" mentioned by Const. art. 3, § 56, or rule of decision, since general law would give way to special act.

5. **Statutes** ⟜90(1)—**Charter granted city by special act in 1911 under constitutional provision which permitted Legislature to grant charter by special act held not unconstitutional (Port Arthur City Charter, art. 6, § 8; Const. art. 3, § 56, art. 11, § 5).**

Charter granted by Legislature to city of Port Arthur in 1911, article 6, § 8, providing 24-hour notice of defect in street to commissioners was necessary to bring action for injuries arising out of such defect, *held* not void because in conflict with Const. art. 3, § 56, prohibiting Legislature from passing local or special act incorporating cities, since at time charter was granted Const. art. 11, § 5, at that date provided cities having more than 5,000 could have charters granted by special act.

6. **Municipal corporations** ⟜816(4)—**Special exception to petition in action against city for injuries from stepping in hole in sidewalk held properly sustained, where petition did not allege notice of defect.**

In action against city of Port Arthur for injuries sustained by stepping into depression or hole in sidewalk in one of its streets, where petition did not allege that defect complained of was known to one of commissioners of city by personal inspection for 24 hours or had been called to commissioner's attention by written notice of defect, as required by Port Arthur City

Charter, art. 6, § 8, *held* that special exception because of failure to so allege was properly sustained.

Appeal from District Court, Jefferson. County; J. D. Campbell, Judge.

Action by H. M. Hanks and wife against the City of Port Arthur. From a judgment of dismissal, the plaintiffs appeal. Affirmed.

Holland & Cousins, of Beaumont, for appellants.

J. W. O'Neal, of Port Arthur, for appellee.

O'QUINN, J. Appellants, H. M. Hanks and his wife, Hennie Hanks, brought this suit against the city of Port Arthur for damages to Mrs. Hanks, alleged to have been caused by her stepping into a depression or hole in the sidewalk of one of the public streets, causing her to fall and receive serious physical injuries. The usual, customary, and proper allegations are contained in appellants' petition with reference to negligence on the part of the city, the existence of the defect in the sidewalk, and freedom from negligence on the part of the injured plaintiff.

Appellee answered by general demurrer, a special exception to the effect that appellants had nowhere in their petition alleged that the specific defect in the sidewalk claimed as causing the injuries complained of was actually known to any of the commissioners of the city by personal inspection for a period of at least 24 hours prior to the occurrence of said injury, nor did said petition allege that the attention of any one of the commissioners of said city of Port Arthur had been called to said defect in said sidewalk by notice in writing for a period of at least 24 hours prior to the occurrence of the alleged injury and proper diligence had not been used to rectify the defect after actual knowledge or notice served, by general denial, and specially that the city of Port Arthur was operating under a special charter granted by the Legislature in 1911, and pleaded section 8 of article 6 of said charter, as follows:

" * * * The city of Port Arthur shall never be liable on account of any damage or injury to person or property arising from or occasioned by any defect in any public street, highway or grounds, or any public work of the city, unless the specific defect causing the damage or injury shall have been actually known to one of the commissioners by personal inspection for a period of at least twenty-four hours prior to the occurrence of the injury or damage, or unless the attention of one of the commissioners shall have been called thereto by notice thereof in writing at least twenty-four hours prior to the occurrence of the injury or damage, and proper diligence has not been used to rectify the defect after actually known or notice served as aforesaid."

The court sustained the special exception to appellants' petition on the ground that it was not therein alleged that the defect complained of was actually known to one of the commissioners of the city by personal inspection for 24 hours prior to the occurrence causing the injury, nor that the attention of one of the commissioners of the city had been called to the defect by notice in writing for at least 24 hours prior to the occurrence of the injury, as required by section 8 of article 6 of the charter of said city. Appellants declining to amend, their suit was dismissed, and this appeal is from the judgment of dismissal.

The appeal is based upon the following assignment of error:

"The court erred in sustaining special exception No. 1 to plaintiffs' petition and dismissing this cause, discharging the defendant at plaintiffs' cost, thereby holding that plaintiffs' petition to state a cause of action must allege a compliance with section 8, art. 6, of the Charter of the City of Port Arthur."

Under this assignment, three propositions are urged to the effect: (a) That the city of Port Arthur is not exempt from its common-law liability for damages resulting from injuries to persons because of defects in its public sidewalks existing through the negligence of the city, but is liable as at common law for its negligence in permitting defects to exist in its public sidewalks which cause injuries to others; (b) that section 8 of article 6 of the charter of the city of Port Arthur, pleaded by appellee as a special exception to the sufficiency of plaintiffs' petition and as a special defense, is unconstitutional, in that it is in violation of article 11, § 5, and article 3, § 56, of the Constitution, and therefore inoperative and void; and (c) that the construction and maintenance of sidewalks by the city of Port Arthur is in exercise of a right of nongovernmental nature for the private benefit of its inhabitants, for which it is subject to the same common-law liabilities as are imposed upon individuals and private corporations.

[1-3] We shall discuss the three propositions together. A municipal corporation proper—a city for example—acts in a twofold capacity. Certain functions are imposed upon it in the interest of the public at large, and certain others for the peculiar advantage of its own inhabitants. For the unlawful acts of its officers in performing functions of the former class, the corporation is held, as a rule, not to be responsible, but for their torts in discharging duties of a purely corporate character, the corporation is liable. As to the liability of a city for the negligence of its officers in the opening and maintenance of its streets and sidewalks, there is considerable contrariety of opinion, though it is held by what appears to be the great weight of authority that they are so liable. Since the public have the right to use the streets of the city, and they are for the benefit of the public at large, and not peculiarly for the in-

terest of the corporation, it seems difficult to justify the holding under the general rule. However, since the decision in the case of the City of Galveston v. Posnainsky, 62 Tex. 118, 50 Am. Rep. 517, the law is so settled· in this state. White v. City of San Antonio, 94 Tex. 313, 60 S. W. 426. This being the state of the law, plaintiffs' petition stated a cause of action, unless their failure to allege knowledge or notice of the defect in the sidewalk, as excepted to by appellee, avoids the sufficiency of their petition. Under the provisions of section 8 of article 6 of the City Charter set out above, before a person who has been injured by any defect in a public sidewalk of the city can recover damages, it is necessary for him to both allege and prove that the defect causing the injury was actually known to one of the commissioners of the city for a period of at least 24 hours prior to the occurring of the injury, or that the attention of one of the commissioners of the city had been called to the specific defect by notice in writing for a period of at least 24 hours prior to the occurrence of the injury, and proper diligence had not been used to rectify the defect after knowledge or notice served as aforesaid. It is admitted by appellants that no such allegations were made or could be made, but it is insisted that the provisions of the charter invoked are unconstitutional and void, and hence no such allegations were required. The provisions of the Constitution urged against the special act incorporating the city of Port Arthur are section 56 of article 3, and section 5 of article 11. They read:

"Article 3, section 56. The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, * * * incorporating cities, towns or villages, or changing their charters. * * * And in all other cases where a general law can be made applicable, no local or special law shall be enacted; provided, that nothing herein contained shall be construed to prohibit the Legislature from passing special laws for the preservation of the game and fish of this state in certain localities."

"Article 11, section 5. Cities having more than five thousand (5,000) inhabitants may, by a majority vote of the qualified voters of said city, at an election held for that purpose, adopt or amend their charters, subject to such limitations as may be prescribed by the Legislature, and providing that no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this state. * * *"

[4] It is contended by appellants that the charter of the city of Port Arthur, containing the provision quoted, supra, is a local and special law, and that said section 8 of article 6 of said charter undertakes to repeal and change the General Law of the state, as expressed in article 1, Revised Civil Statutes 1925. This article reads:

"*Common Law.*—The common law of England, so far as it is not inconsistent with the Constitution and laws of this state, shall together with such Constitution and laws, be the rule of decision, and shall continue in force until altered or repealed by the Legislature."

The charter is undoubtedly both a local and special law, but that does not render it void because of its supposed conflict with article 1 of the Revised Civil Statutes above quoted. We do not think that article 1, supra, is such *general law* as is meant by section 56 of article 3 of the Constitution, in contravention of, which no local or special law may be enacted. The common law, as declared by article 1, constitutes only a rule of decision in this state, and is subject to be altered or repealed by the Legislature in legislating upon the matters covered by this rule, but, if it could be said that it constituted such *general law*, as contended by appellants, then it gave way to the enactment of the Legislature when it passed the special act in question, for by that act the rule of common law making municipal corporations liable for damages caused by their negligence in failing to keep their streets and sidewalks in repair was *altered* or modified to the extent set forth in section 8 of article 6 of the City Charter, which the Legislature had the right to do.

[5] Appellants' contention that section 8 of article 6 of the City Charter above quoted is void because in conflict with that portion of section 56 of article 3 of the Constitution which forbids the Legislature from passing any local or special law. incorporating cities, towns, or villages, or from changing their charters, is not sound. Said section of the Constitution provides that such local or special law may be passed if it is otherwise provided in the Constitution. At the time the special act in question was passed, March 20, 1911, *it was otherwise provided* in the Constitution that such laws could be enacted. At that date, section 5 of article 11 of the Constitution read:

. "Sec. 5. Cities having more than five thousand inhabitants may have their charters granted or amended by special act of the Legislature, and may levy, assess and collect such taxes as may be authorized by law; but no tax for any purposes shall ever be lawful, for any one year, which shall exceed two and one-half per cent. of the taxable property of such city, and no debt shall ever be created by any city or town, unless at the same time provision be made to assess and collect annually a sufficient sum to pay the interest thereon and create a sinking fund of at least two per cent. thereon."

So it is seen that, up to the time of the adoption of what is known as the Home Rule Amendment (which is section 5, art. 11, as it now exists), on November 5, 1912, the Legislature was authorized to grant charters to or

to amend charters of cities of more than 5,000 inhabitants, and it was the purpose of the Constitution at that time that the grant of power in the charter of a city having more than 5,000 inhabitants should be complete and all-embracing, without reference to any other law, notwithstanding it would be easy for the Legislature to provide for the exercise of the great number of privileges granted to such cities by a general law applicable to all of them. City of Dallas v. Western Electric Company, 83 Tex. 245, 18 S. W. 552.

[6] The court did not err in sustaining the special exception to plaintiffs' petition. Section 8 of article 6 of the City Charter is valid, and a condition precedent to the right of action, and it was incumbent on the plaintiffs to affirmatively allege knowledge on the part of the city of the alleged defect or the giving of the prescribed notice of same. Cawthorn v. City of Houston (Tex. Com. App.) 231 S. W. 701, 703; City of Dallas v. Shows (Tex. Com. App.) 212 S. W. 633; Lee v. City of Dallas (Tex. Civ. App.) 267 S. W. 1014.

Appellants say that the trial court sustained appellee's special exception on the authority of Lee v. City of Dallas (Tex. Civ. App.) 267 S. W. 1014, and admit that, if said decision is sound—decided correctly—that they have no right of action, as the provision of the charter of the city of Port Arthur here in question is the same as that involved in the cited case. But they challenge the correctness of the holding in the Lee Case, citing us to the case of City of Amarillo v. Tutor (Tex. Com. App.) 267 S. W. 697, as sustaining their contention. We think the Lee Case was correctly decided. However, the constitutionality of the Dallas charter was not directly involved. Moreover, we do not think the Tutor Case is in conflict with the Lee Case. There is quite a distinction in the two cases. The Dallas charter in the Lee Case does not attempt to exempt the city of Dallas completely from damages for injury to person or property arising from or occasioned by the negligence of the city in permitting any defect to exist in any of its public streets, etc., but only limits the recovery of damages to cases where the specific defect causing the injury out of which the damage grew was actually known to the city for a period of at least 24 hours prior to the occurrence of the injury, or where the attention of certain of the city officials had been called to the defect by notice in writing for a period of at least 24 hours prior to the occurrence of the injury, and proper diligence had not been used by the city to rectify such defect. In the Tutor Case, the charter of the city of Amarillo was adopted under the provisions of the Home Rule Act, passed in pursuance of section 5 of article 11 of the Constitution, as adopted November 5, 1912. It (the charter) contained the following provision:

"Said city shall have the power to provide for the exemption of said city from liability on account of any claim for damages to any person or property, or to fix such rules and regulations governing the city's liability, as may be deemed advisable."

In pursuance of this provision, the following ordinance was passed, and was pleaded as a defense against Tutor's asserted cause of action, to wit:

"That hereafter the city of Amarillo shall be and is hereby declared exempt from any and all liability and damages for any injury or injuries to persons or property caused by or arising from the filling, raising, grading, elevating, or improving any property within this city, or caused by or arising from the prosecution of any public improvement, or caused by or arising from the construction, maintenance, or operation of any public utility plant or system, or caused by or arising from the maintenance, operation, or extension of its sewerage system, or caused by or arising from any obstruction, excavation, or any other character of defect whatsoever in any street, alley, sidewalk, or other public place in this city, and from any and all liability of any other character of injury to persons or property, howsoever same is caused or produced."

It is thus seen that, under the charter provision and the ordinance passed in pursuance thereof, the city was exempted absolutely from any and all damage, however occasioned, to any person or property. This was held to be inoperative and void. The home rule statute (article 1175, Revised Civil Statutes 1925), could not authorize the adoption of a charter so providing, nor could the Legislature enact any such law, because in contravention of the Bill of Rights, section 13, art. 1, of the Constitution.

The judgment should be affirmed, and it is so ordered.