### SEATON v. WHITE et al.
### No. 3822.

Court of Civil Appeals of Texas. Amarillo.
May 11, 1932.

Rehearing Denied June 15, 1932.

Tatum & Strong, of Dalhart, for appellant.

B. N. Richards, of Dalhart, and Roy Wallrabenstein, of Canyon, for appellees.

MARTIN, J.

On August 22, 1929, appellant leased to Thomas White one-half section of land, "for a term of five crop years, for the purpose of seeding to wheat, said Thomas White to receive the entire first crop for the purpose of recompensing him for breaking sod, for each succeeding four years said Thomas White agrees to plant said land to wheat, and deliver one-fourth of each wheat crop to Conlin, Texas," etc.

Thomas White went into possession of this land and broke same, and, with the exception of a small amount planted to row crop in the spring of 1930, all of same was summer tilled for wheat and all planted to wheat in the fall of 1930. White died in June, 1930, and his wife, one of appellees herein, harvested said crop in 1931, and was thereafter sued by appellant for one-fourth of the above-mentioned wheat crop, and in the alternative for its value.

The appellant's pleading and proof presented the issue of mutual mistake in the contract aforesaid, the material part of which, so far as this appeal is concerned, is quoted literally above. His contention in the trial court and here is that the real contract between the parties provided for the planting of a row crop the first year, all of which was to go to White, and that thereafter one-fourth of the wheat raised thereon belonged to appellant; that this provision was omitted from the contract by mistake. His assignments of error in this court present the issue that the evidence conclusively shows such mistake and that the court erred in not peremptorily instructing the jury to find for him. Appellant proved his contention substantially by the party who drew the contract and by another witness.

Appellees' theory was that the contract expressed correctly the intention of the parties and embodied all the terms and conditions with respect to the matter in dispute that was agreed upon between them. Appellees relied upon the contract as written, and in addition offered some correspondence between them, consisting of a letter written by Thomas White pending the negotiations for the lease of this land, in which he stated, in part: "I am writing you to know if you would lease me your half section for five years to break out and sow in wheat every year." Also a letter written by appellant, dated December 5, 1929, a quotation from which is as follows: "I could not find a regular Texas form of a farm lease while in Texas, so we will just let the little memorandum of a contract stand for the time being as it is."

The substance of Mrs. White's testimony was that her husband did not want this land for row crop purposes; that he wanted it strictly for wheat, and that he summer fallowed it for wheat in the fall; that he planted some sixty acres or less to row crop, but later this was plowed up and summer tilled for wheat with the rest of the land.

Only one special issue was submitted to the jury, namely: "Was it the agreement between the plaintiff and Thomas White at the time the plaintiff leased or rented the 320 acres of land to Thomas White that Thomas White was to plant said land to a row crop the first year of said lease of said land? You will answer yes or no."

The jury, in response to this issue, answered "No"; whereupon the court entered judgment for appellee, Emma White.

 We regard the contract in question as unambiguous on its face, in so far as it affects the character of crops to be planted. Such a contract will be presumed to correctly embody the intention of the parties, which presumption is, of course, a rebuttable one. The testimony offered for appellant is abundantly sufficient to show a unilateral mistake, but, to authorize a reformation of a written instrument, the evidence must be clear and convincing that a mutual mistake has been made. Waco Tap. Ry. Co. v. Shirley, 45 Tex. 355; Griffith et al. v. Watkins et al. (Tex. Civ. App.) 279 S. W. 489, and authorities there collated. Upon this question we quote from the case of Tunnell v. Neill et al. (Tex. Civ. App.) 33 S.W.(2d) 530, 533: "A unilateral mistake is not ground for reformation. * * * Before a court of equity will reform a written instrument it must appear that there was a valid agreement, that the written instrument failed to express such agreement, that this failure was due to mistake, and this must all appear by clear and convincing proof."

 Much has been written concerning the quantum of proof necessary in cases of this character. See Marchman v. McCoy Hotel Operating Company (Tex. Civ. App.) 21 S.W.(2d) 552, and authorities cited; 53 C. J. pp. 1031, 1033, 1038, 1040. These cases are illustrative of the general attitude of the courts toward altering or changing unambiguous contracts, and add force, it seems to us, to the announcement that such a contract standing alone will be presumed to correctly embody the intention of the parties thereto. The contract in question presumptively embodying the real agreement between the parties, corroborated by the correspondence already referred to, and all the attendant facts and circumstances, we think sufficient to present a jury question whose finding we are not at liberty to disturb.

The judgment is affirmed.