

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Frank D. Quinn
Executive Secretary
Texas State Parks Board
Austin, Texas

Dear Sir:

Opinion No. O-5945
Re: Reformation of deed to
a portion of Tyler State
Park

We quote your letter of March 22, 1944, as follows:

"Attached is our file copy of a deed from
O. E. Longacre and wife, Mettie Longacre, to the
Texas State Parks Board, dated January 18, 1935,
filed for record on April 24, 1936, and recorded
in the deed records of Smith County, Texas.

"You will note that the deed described a
52.71 acre tract of land followed by a mineral
reservation, followed by the description of a
0.82 acre tract of land.

"In preparing the deed, the 0.82 acre tract
was inadvertently omitted. This tract was then
added at a later date, before filing of the deed
for record.

"It was the intention of both Grantor and
Grantee that the mineral reservation apply to
the 0.82 acre tract as well as the 52.71 acre
tract.

"Recently this fact situation was again pre-
sented to the Texas State Parks Board, and a re-
quest was made by Grantor for correction so that
the mineral reservation would include the 0.82
acre tract as well as the 52.71 acre tract.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Accordingly, a corrected deed was executed, and is attached hereto.

"We desire an opinion from your Department as to whether or not the Texas State Parks Board is legally authorized to accept and file this corrected deed for record.

"If not, what other procedure is available in order to place of record the fact that it was originally intended at the time of the execution of the original deed, and still is, that the mineral reservation should cover both tracts of land."

An instrument legally executed may be reformed when through mutual mistake the real agreement of the parties is not reflected in such instrument. Hodges v. Moore, 186 S.W. 415; Clemmens v. Kennedy, 68 S.W. (2d) 321 (er. ref.); Liberty Life Ins. Co. v. Woodward, 12 S.W. (2d) 243 (er. dism.), Bonneville v. Dum, 128 S.W. 1179 (er. ref.). It is settled law that omissions from a deed of reservations or exceptions is correctable by reformation to conform the written to the actual agreement. Mattox v. Davis, 106 S.W. 169; Kennedy v. Brown, 113 S.W. (2d) 1018, 1020; Fallen v. Weatherford, 158 S.W. 1174.

The Fort Worth Court of Civil Appeals in Bordousky v. Dougherty, 106 S.W. (2d) 779, 782, said:

" . . . The courts of Texas have long since recognized the equitable rule that deeds and other contracts in writing may be corrected by a court of equity because of a mutual mistake on the part of the parties thereto. Such cases as Harrell v. De Normandie, 26 Tex. 120, 121; Long Bell Lumber Co. v. Lowry (Tex. Civ. App.) 31 S.W. (2d) 345, and cases cited; Williston on Contracts (1922 Ed.), vol. 3, p. 2750, # 1550; Elder v. First National Bank, 91 Tex. 423, 44 S.W. 62; May v. San Antonio & A.P. Town Site Co., 83 Tex. 502, 18 S.W. 959; Texas Pac. C. & O. Co. v. Crabb (Tex. Com. App.) 249 S.W. 835; Gilbert v. Smith (Tex. Com. App.) 49 S.W. (2d) 702, 86 A.L.R. 445, all recognize the equitable rule. Many other cases could be cited.

"In the cases which recognize the equitable rule invoked here, we find that deeds have been reformed because of mutual mistakes, both where less land or smaller estates have been conveyed than were contracted for, and where more land or greater estates were conveyed than had been contracted for. There is no difference or distinction made between such cases."

However, since the grantee in this deed was the State of Texas, it will be necessary to obtain consent of the State to a reformation of the deed. This consent could be obtained either through a special act of the Legislature granting permission for the State to be sued or by an act which authorizes the Texas State Parks Board to accept the corrected deed.

You are therefore advised that you may accept and record the corrected deed, but in order for the grantor to clear his title to the minerals under the 0.82 acre tract it will be necessary to secure action of the Legislature in one of the methods mentioned above.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (s)     Fagan Dickson
               Assistant

By (s)     Virginia Noel

VN:ff:ff

APPROVED APR. 13, 1944
(s) Geo. P. Blackburn
ACTING ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By G. W. B.  Chairman