## CITY OF GALVESTON v. LEBOHM.

### No. 3162.

Court of Civil Appeals of Texas.

Waco.

May 20, 1954.

Rehearing Denied June 17, 1954.

.H. E. Kleinecke, Jr., City Atty., James A. Piperi, Asst. City Atty., Galveston, for appellant.

Barker & Barker, Galveston, for appellee.

TIREY, Justice.

Appellee brought this action against the City of Galveston to recover damages for injuries she received to her person while using a street in the city limits of Galveston, and alleged seven specific grounds of negligence, and alleged that each and all were a proximate cause of her fall and the injuries she sustained.

The jury in its verdict found substantially that appellee, while walking along the center of 57th Street, midway between Avenue P½ and Q, struck her foot against a metal pipe protruding from the surface of 57th Street and was caused to fall; that the existence of the metal pipe protruding from the surface of 57th Street rendered it not in a reasonably safe condition for the use

of the public; that the City of Galveston, prior to the plaintiff's fall, knew, or in the exercise of ordinary care, should have known of such protruding pipe; and that said City, by the exercise of ordinary care, should have known of the existence of such pipe for such length of time as to have enabled the City, in the exercise of ordinary care, to have corrected said unsafe condition; that the City of Galveston failed to use ordinary care to repair the unsafe condition of the street, and that such failure was a proximate cause of plaintiff's injuries; that appellee did not fail to use ordinary care for her own safety in the manner in which she walked down 57th Street at the time she received the fall. The jury awarded her damages in the amount of $15,859.50. The judgment of the court was in accord with the verdict of the jury, and the City of Galveston seasonably perfected its appeal to the Galveston Court of Civil Appeals and the cause is here on transfer order of our Supreme Court.

Appellant assails the judgment entered on two grounds: 1. "A provision in a municipal charter, granted by a special act of the Legislature, exempting the City from liability for defective streets is valid and no judgment should be rendered against such City for injuries sustained because of an alleged defect in a street." 2. "There is no evidence that appellant had notice, either actual or constructive, of the protruding pipe in its street, without which appellee cannot recover."

Appellee's counter point is substantially to the effect (a) that Section 47 is unconstitutional; and (b) it does not apply to the acts of negligence of the City.

The Legislature of the State of Texas, in 1903, granted to the City of Galveston a new charter. See Special Laws of the 28th Leg., ch. 37, p. 290. Section 47 of the present charter of the City of Galveston, which was enacted in 1903, reads as follows: "That the said city of Galveston shall not be liable in damages for any injury or injuries to persons or to property caused by filling, raising, grading or elevating any property within the city of Galveston, or in the prosecution of any public improvement in said city, or on account of any defect of any street, sidewalk or other public place."

Appellant seasonably tendered the question of the City's non-liability by virtue of Section 47 aforesaid; by special exceptions to appellee's pleading; by objections to the testimony tendered; by motion for instructed verdict when appellee closed her testimony, and renewed this motion at the close of the testimony; by written objections to the court's charge. Each of appellant's objections and motions was overruled by the trial court and exceptions taken. Appellant seasonably filed its motion for new trial and it being overruled, perfected its appeal to the Galveston Court.

■ Prior to 1903 and the adoption of Section 47 of the Charter here set out, four leading cases against the City of Galveston involving injuries on account of defective streets and sidewalks had reached our courts. They are: City of Galveston v. Posnainsky, 62 Tex. 118, 50 Am.Rep. 517; City of Galveston v. Barbour, 62 Tex. 172, 50 Am.Rep. 519; City of Galveston v. Smith, 80 Tex. 69, 15 S.W. 589; and City of Galveston v. Dazet, Tex.Sup., 19 S.W. 142. Our Supreme Court in the Posnainsky case, supra, stated with clarity that a municipal corporation is liable at common law when it acts in its proprietary capacity for the benefit primarily of its own inhabitants as distinguished from its non-liability in acting solely in the discharge of its governmental functions. Our Supreme Court has not seen fit to change the rule there stated. The foregoing cases have been cited and discussed many times by our appellate courts.

Subsequent to the adoption of the above Charter of the City of Galveston, two additional outstanding cases have arisen and have been decided by our Galveston Court. The first case of Williams v. City of Galveston, 1905, 41 Tex.Civ.App. 63, 90 S.W. 505, writ ref., and Reegan v. City of Galveston, Tex.Civ.App.1929, 24 S.W.2d 61, writ dis. Each of the last two cases have been cited and discussed at length by our appellate courts.

In the case of Williams v. City of Galveston, supra, the Galveston Court of Civil Appeals had before it the question of the liability of the City of Galveston for negligent conduct in the maintenance of one of its streets. That is the exact question here. The opinion of the Galveston Court in the Williams case is clear, comprehensive and expressly holds that the Legislature did not violate Art. 1, § 13 of the Vernon's Ann.St. Constitution in the passage of the Act exempting the City of Galveston from liability in cases of this kind. Our Supreme Court refused a writ of error and at that time our Supreme Court was composed of Chief Justice Gaines and Associate Justices Brown and Williams. The Williams case was a one point case, and for that reason we think we must assume that the opinion by the Galveston Court had the outright approval of our Supreme Court.

The Williams case was decided in 1905 and this exact question was not presented to the Galveston Court again until 1929. At that time Associate Justice Pleasants was Chief Justice of the Galveston Court and he wrote the opinion in the case of Reegan v. City of Galveston, supra. In the Reegan case the Court had before it the same Charter provision and the point in the Reegan case was the negligence of the City in maintaining one of its streets, and again the Galveston Court followed the pronouncement it had made in the Williams case and exempted the City of Galveston from liability for negligence in maintaining its streets because of the provisions of Section 47 of its Charter. Application for writ of error was dismissed by our Supreme Court, which at that time was composed of Chief Justice Cureton and Associate Justices Greenwood and Pierson. We think it is worthy of comment that the Galveston Court in the Reegan case pointed out that the decisions in the cases of City of Amarillo v. Tutor, Tex.Com.App., 267 S.W. 697, and City of Amarillo v. Green, Tex.Com. App., 267 S.W. 702, were not in conflict with the Galveston Court's holding in the Williams case, nor with the holding of the Galveston Court in the Reegan case. At the time the Tutor and Green cases were decided by the Commission of Appeals, our Supreme Court was composed of Chief Justice Cureton and Associate Justices Greenwood and Pierson, and we have previously stated that they composed the court when application for writ of error was dismissed in the Reegan case.

Subsequent to the decisions in the foregoing cases, the most important case decided by our Supreme Court, which we think pertinent to the discussion here, is Hanks v. City of Port Arthur, 121 Tex. 202, 48 S.W.2d 944, 83 A.L.R. 278. This suit involved a provision of the Charter of Port Arthur, similar in some respects to Sec. 47 of the Galveston Charter, and the plaintiff sought to recover for negligent acts of the City of Port Arthur in the maintenance of its streets and sidewalks. The City of Port Arthur in the trial court urged exceptions to the cause of action asserted by Hanks and the trial court sustained such exceptions and upon refusal of Hanks to amend dismissed the cause. The opinion of the Beaumont Court of Civil Appeals is found in 8 S.W.2d 331, and it affirmed the judgment of the trial court. Our Supreme Court granted a writ and reversed each of these judgments and remanded the cause for trial.

As we understand appellee's brief, it is her view that her judgment should be sustained because of the statements of the rule contained in City of Amarillo v. Tutor and City of Amarillo v. Green, supra, and the opinion of the Supreme Court in Hanks v. City of Port Arthur, and the opinion of the Fort Worth Court of Civil Appeals in City of Wichita Falls v. Lipscomb, 50 S.W.2d 867, writ ref. We are not in accord with this view.

We have previously pointed out that Chief Justice Pleasants in the Reegan case distinguished the rule announced by the Commission of Appeals in the Tutor and Green cases from the rule he applied in Williams v. City of Galveston, and we think that when the opinion of the Supreme Court in the Hanks case is carefully considered, it is not in conflict with the pronouncement of the rule made in the Williams case. It

is true that the Hanks case makes no reference to the Williams and Reegan cases, nor does it make any reference to the case of Lee v. City of Dallas, Tex.Civ.App.1924, 267 S.W. 1014, no writ history, although Lee v. City of Dallas was cited by the Beaumont Court in the Hanks case. See Point 6, 8 S. W.2d at page 334. In the Lee case we find this statement [267 S.W. 1015]: "Under the common law, municipal corporations are liable for damages caused by their negligence in failing to keep their streets in repair. The Legislature, however, has a right to exempt cities from liability, and the wisdom of such legislation is not a matter which should properly concern the courts." Notwithstanding the rule announced in the Williams, Reegan and Lee cases, we find the following statement by our Supreme Court in the Hanks case [121 Tex. 202, 48 S.W.2d 948]: "As to the power of the Legislature to deny recovery in common-law actions against municipalities for negligence, we find it unnecessary to express an opinion, since no attempt has been made in this state to abrogate what our courts have determined was the common-law liability of municipalities." Needless to say that in view of the foregoing statement, the decision in the Hanks case is in no wise contra to the opinion in Williams v. City of Galveston, supra.

We come now to discuss briefly the decision of the Fort Worth Court in City of Wichita Falls v. Lipscomb, 50 S.W.2d 867, writ ref. (The notations made by our Supreme Court on writs of error under which we now operate became effective in 1927). The case of Hanks v. City of Port Arthur was handed down by our Supreme Court on April 6, 1932. The decision in the Lipscomb case was handed down April 30, 1932. The Lipscomb case involves the question of exemption from liability for negligent conduct grounded on the provisions of the Charter of the City of Wichita Falls, similar in some respects to the exemption provided for in Sec. 47 of the Charter of the City of Galveston. The Fort Worth Court discussed many of the leading cases written by our Supreme Court and appellate courts in disposing of the question of liability, among them being the cases of City of Amarillo v. Tutor and City of Amarillo v. Green. It also discussed the rule announced in the case of Williams v. City of Galveston, supra, as well as the decision in Reegan v. City of Galveston, supra, and pointed out that the decision in the Williams case was not in conflict with the decisions in the cases of City of Amarillo v. Tutor and City of Amarillo v. Green. The Fort Worth Court, on motion for rehearing, said [50 S.W.2d 874]: "And in further support of our conclusion that the exemption provision in the city charter, discussed in our original opinion, is violative of the articles of our Constitution pointed out, we cite the late decision of our Supreme Court in an opinion by Chief Justice Cureton, in Hanks v. City of Port Arthur [121 Tex. 202], 48 S.W.2d 944 [83 A.L.R. 278]. And we will note further that this suit did not involve a defective condition of a public street, as was true in some cases cited by appellant, such as Lee v. City of Dallas (Tex.Civ. App.) 267 S.W.1014."

In view of the foregoing statement from the opinion on motion for rehearing, it is obvious that the Fort Worth Court in the Lipscomb case was of the view that its decision was not in conflict with the Williams case, nor with the statement of the rule in the Lee case.

It follows from what we have said that we are of the view that the rule announced by the Galveston Court in Williams v. City of Galveston, supra, is applicable and controlling here and the trial court erred in its failure to grant appellant's motion for instructed verdict.

Because of the importance of this case, and assuming that application for writ of error will be made to the Supreme Court, we think we should add that it is our view that the testimony is sufficient to sustain the findings of the jury, and by reason thereof, appellant's Point 2 is overruled.

Since we are of the view that our Supreme Court gave outright approval to the opinion of the Galveston Court, holding in effect that Section 47 of the City Charter

of the City of Galveston did not violate Section 13 of Art. 1 of our State Constitution, and since such holding has not been overturned by our Supreme Court, we feel it is our duty to follow the Galveston Court and our Supreme Court.

Accordingly, the judgment of the trial court is reversed and rendered in favor of appellant.